## ROESCH *v.* JOHNSON.

Opinion delivered November 17, 1900.

LANDLORD AND TENANT—INSURANCE.—Where a lessor insured the leased premises against fire at his own expense and without any agreement to share the benefits thereof with the lessee, the latter can claim nothing by reason of any money received by the former on account of such insurance.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

STATEMENT BY THE COURT.

Roesch, the appellant, leased from Ratcliffe and Fred Hanger three lots and a building in Little Rock for ten years, and agreed to pay $150 rent for the last five years of the period of said lease.     On November 1, 1897, Hanger assigned and conveyed to the appellee, as trustee, the rents and profits of his undivided one-half interest by a deed of trust executed to the appellee as trustee to be applied to the payment of the interest of the debt secured by said deed of trust and the fixed charges of the property thereby conveyed.     This suit was brought to recover this rent, and resulted in a verdict and judgment for plaintiff for $525.

Ratcliffe insured his interest for $1,250, Fred Hanger his interest for $2,750, Roesch, the appellant, his interest in the building for $3,000.     The building was destroyed partly by fire, and Roesch received on his policy $670, Hanger $635, and Ratcliffe $295, the loss having been adjusted on the basis of $1,600.     Hanger states that he had paid premiums on his policy amounting to $756.     Roesch's contention is that he is entitled to share in the insurance received by Ratcliffe and Hanger to make good his loss, which he swears was $1,800, and he offers to set-off the amount he claims to be due him by Hanger against the rents sued for herein.     His motion for new trial having been overruled, he excepted and appealed to this court, saving all exceptions.

*T. J. Oliphint* and *M. M. Cohn,* for appellant.

No person should be allowed to bargain for an advantage to rise from the destruction of life or property. 17 N. Y. 432.    Where a mortgagee insured at his own expense, and a loss occurred, the insurer, in making compensation, is entitled to an assignment of the rights of the insured.    55 N. Y. 346.    Public policy forbids the taking or paying of premiums, without a corresponding risk. 8 Am. & Eng. Enc. Law (2 Ed.), 149.    When the benefit and burden of covenants secure mutual rights, and each is necessary to the existence of the other, both must go together.    136 Pa. St. 654; 8 Gratt. (Va.), 353; 12 Am. & Eng. Enc. Law (2 Ed.), 1011; Chitty, Contract, p. 89.    The act of the lessor will excuse performance of lessee's covenant.    8 Cow. 726; 1 Bibb, 379; 16 Ill. 511; 9 Ohio St. 341; 19 Pick. 453.

*J. M. Moore, W. B. Smith and John Fletcher,* for appellee.

The lessee is bound to pay rent, though the building is destroyed. 6 Mass. 67; 3 Johns. 46. Covenant which might and ought to have been expressed, if intended, will be implied. 7 Wall. 423. The appellant is not entitled to repairs, recoupment and damages. 3 Johns. 44; 72 Pa. St. 285. There was no covenant on the part of the lessor to rebuild. 72 Pa. St. 280. Courts can not relieve against hardships unless the same were induced by fraud or mistake. 1 Wash. Real Property, 565; 7 Wall. 424; 16 Mass. 239. There was no privity of estate between the parties, and neither had an interest in the policy of the other. Gear, Landlord and Tenant, § 100; 80 Ill. 532; 72 Pa. St. 285; 3 Pa. St. 444; 6 N. Y. 356; 22 Ala. 168; 9 Pa. St. 198; 1 Biddle, Ins. §§ 162-240; 31 Md. 302. Each policy was a separate contract. 2 Biddle, Ins. §§ 870-1-2. 4 Taunt. 380. In the absence of an agreement the mortgagor's and mortgagee's interests are separate. 2 May, Ins. § 449; 1 Biddle, Ins. 250. A loss paid to mortgagee will not satisfy the debt. 2 Wash. Real. Prop. 240. Tiedeman, Real Prop. § 327. The mortgagor has an insurable interest in the property which is insured, and not the debt. 2 May, Ins. §§ 424-449-456; 2 Biddle, Ins. § 1293; 7 Cush. 1. Set off cannot be pleaded. 27 Ark. 478; Gear, Landlord and Tenant, §§ 129-180; 4 Gray, 385; 6 Duer, 494; 65 N. C. 69; 51 Pa. St. 418; 4 Lea, 193; 81 Ill. 321; 25 Am. Rep. 282. This is the rule as to commercial paper. 36 Ark. 228; 179 Ill. 599; 50 Md. 95; Story, Promissory Notes, § 178; 29 Wis. 142. Such set offs are limited to the time of the assignment. 9 Ark. 505; 13 Ark. 531; 4 N. Y. 126; 6 Duer, 494.

*T. J. Oliphint and M. M. Cohn,* in reply.

The appellee took subject to all defenses of appellant, or which might accrue at any time prior to notice of assignment. 22 Am. & Eng. Enc. Law, 109; 2 Id. (2d Ed.), 1077; 3 Day, 364; 20 Conn. 73; 18 La. 414; 11 Md. 251; 25 Miss. 13; 16 Mo. 416; 64 N. Y. 159; 35 Atl. 136; 26 Vt. 198; 30 Va. 389; 2 Wyo. 71; 39 O. St. 600; 76 Pa. St. 78; 34 Mo. 99. The right of counterclaim relates to expenditures made by debtor after assignment. 8 Ala 206; 32 Barb. 300. And this applies as well to the breaches of covenant relating to real estate or other transactions. Gear, Landlord and Tenant, § 180, notes 11 and 12; 27 Ala. 471; 31 Ky. 464.

HUGHES, J., (after stating the facts). There is no doubt that Roesch, Ratcliffe, and Hanger each had an insurable interest in the property leased by Roesch from Ratcliffe and Hanger. It appears that each, on his own account and for his own benefit, took out a policy of insurance on the property, and that each paid the premiums on his policy. Hanger's policy was for $2,750, Ratcliffe's for $1,250, and Roesch's for $3,000. It appears from Roesch's testimony that it cost him $1,800 to repair the buildings, and it seems evident that his policy of insurance was ample to cover his loss, and, if he failed to make the insurance company pay the amount of his loss, we cannot well understand how he could hold others bound to do it. Roesch says Hanger and Ratcliffe agreed to pay him enough of the insurance received by them to cover his loss, with that received by Roesch, when the repairs on the building were completed; but Hanger denies this. Sidney J. Johnson, the plaintiff, as trustee, was the assignee of Hanger's interest in the policy of insurance held by him. He testifies that a short time after the assignment to him he notified Roesch of the assignment, and that any payment made by him to Hanger would be at his peril, and that Roesch never complained to him that Hanger was indebted to him on account of insurance until a short time before the institution of this suit. Roesch says he did not know the lessors had insurance on the building until the fire.

We think there is evidence to sustain the verdict, and that there was no error in the instruction given the jury by the court, as follows: "The jury are instructed that Fred Hanger had the right to insure the premises in question for his own benefit, and if he did so at his own expense, and without any agreement with said defendant Roesch that he, the said Roesch, should share in the benefits thereof, then the said Roesch can claim nothing by reason of any money which Fred Hanger received on account of such insurance, and the verdict should be for the plaintiff for the amount of rent from November 1, 1897, to October 1, 1898." The judgment is affirmed.

WOOD, J., absent.