EL DORADO & BASTROP RAILROAD COMPANY *v.* WHATLEY.

Opinion delivered November 9, 1908.

1. TRIAL—INSTRUCTION—RELEVANCY.—It was misleading error to submit to the jury the question whether defendant railroad company was negligent in failing to warn plaintiff's intestate, a brakeman, as to the danger of riding upon the pilot of the engine if all the evidence on the subject was to the effect that such warning was given. (Page 25.)

2. MASTER AND SERVANT—WHETHER NEGLIGENCE EXCUSED BY CUSTOM.—It was error to instruct the jury that if it was the custom of the employees of defendant railroad to ride upon the pilot beam of the engine in violation of the company's rules, and the superior officers of

defendant knew of such custom and permitted it, then plaintiff's intestate was not guilty of negligence in riding thereon; it was proper to consider such custom in determining whether such intestate was negligent, but not to make it a test of such negligence. (Page 26.)

3.  SAME—QUESTIONS FOR JURY.—Notwithstanding plaintiff's intestate was told that it was dangerous and against the rules to ride upon the pilot beam of the engine, yet where the beam was put there for that purpose, and other brakemen engaged in the same work habitually used it with the knowledge of their superior officers, and intestate was young and inexperienced, the questions of negligence of the defendant and contributory negligence of intestate were properly submitted to the jury. (Page 28.)

4.  SAME—INSTRUCTION.—It was error, in a personal injury suit against a railroad company, to instruct the jury to find for plaintiff if his intestate used ordinary care, without instructing them that they must further find that defendant was negligent. (Page 28.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; reversed.

STATEMENT BY THE COURT.

David Rufus, a youth about sixteen years old, was in the employ of appellant as brakeman about its yards in the town of El Dorado, Arkansas. On the morning of his fatal injury, he was riding on the pilot of the engine. The engine and tender were going north on the side track, and young Rufus was going to make a coupling on the pilot. He was standing on a board or step on the right hand side of the pilot. There was "a piece on the side of the pilot, put there for people to stand on who go there to fix the knuckle" of the coupler. The piece was put there to keep the feet of those who go there to open the knuckle from slipping off. There was a place on the engine for the brakeman to ride who opened the knuckle, so they did not have to get on the pilot. He was opening a knuckle, when the engine ran over one rail that was higher than the other at the joint between them, making a spring that caused the pilot to tilt and throw him off between the rails, his right leg being across the rail. The engine and tender passed over him, crushing his leg, which was soon after amputated. He was conscious after his injury, and suffered extremely from Saturday morning until Monday morning, when he died. Appellee as the administrator sued for the benefit of the estate, for the benefit of his father as next of kin

and for the loss of services to the father. The negligence alleged was the failure of appellant to give proper warning of the dangers to which Rufus was exposed, and the negligent construction and maintenance of its track, in that the rails were not properly joined together, and consequently one was lower than the other, causing the rebound of the front part of the engine and tilt of the pilot which threw young Rufus to the track, etc.

All the material allegations of the complaint were denied, and the defense of contributory negligence was set up. There was evidence sufficient to sustain the verdict on the issue of the negligence of appellant in maintaining its track in a defective condition. On the issue of contributory negligence, the evidence showed that it was against the rules of the company to ride on the pilot of the engine, that it was dangerous to do so, and the engineer so informed Rufus. The conductor whose duty it was to warn Rufus of the danger of riding on the pilot said that he "told every new man to keep off the pilot, and the head negro brakeman looked after that order, too." The brakeman testified that he told Rufus "a good many times" before, and told him "that same morning", that "it was against the rules of the company" to ride on the pilot, and "if he was caught it would be at his own risk." This was all the testimony on the subject of the warning that was given Rufus. There was evidence to warrant the conclusion that "it was customary for brakemen to board the pilot and be transferred from one part of the yard to the other", and that the conductor had knowledge of this custom. Among many instructions the court gave the following prayers for instructions at the instance of appellee:

"5. The jury are instructed that if they believe from the evidence that David Rufus, the deceased, was a minor, and was employed by the defendant upon one of its trains to perform dangerous and hazardous services, and that he was injured while in the discharge of the duties of his employment, a recovery cannot be defeated on the ground of contributory negligence, unless they further find from the evidence that the deceased was warned and instructed by the defendant against the dangers incident to the duties of his employment, and, after being so warned, the deceased failed in the exercise of ordinary care and prudence."

"7. The jury are instructed that if they believe from the

evidence that the deceased was in the employment of the defendant upon one of its trains to perform dangerous and hazardous services, and that he was at the time a minor, and on account of his youth and inexperience he did not know or appreciate the dangers incident to the services he was so employed to do, and that the defendant failed to warn him of such dangers, or to instruct him how to avoid it so far as it could be avoided, before exposing him to such danger, and that deceased was injured while in the discharge of the duties of his employment, and suffered great pain of body and mental anguish, and came to his death on account of the defendant's failure to so warn and instruct him, the defendant is liable for any damages the jury may find, from the evidence, directly resulting from said injuries; and they may find for the plaintiff under one or all three counts laid in the complaint, as they may believe from the evidence he is entitled to recover."

"9.   The jury are instructed that if they find from the evidence that the deceased was an employee of the defendant, he was not bound by the rule of said defendant which they believe from the evidence was not brought to his attention, or was habitually violated with the knowledge of his superior officers without any effort on their part to enforce it.   And if the jury believe from the evidence that the defendant had a rule that employees should not board the pilot of engine in performing the services of their employment, and that said rule was not brought to the attention of the deceased, or that it was habitually violated with the knowledge of his superior officers without any effort on their part to enforce it, and which, they believe from the evidence, tended to mislead deceased in the violation of such rules, then they will find that there was no such breach of duty on the part of the deceased in boarding the said pilot, and that such act on his part does not amount to such contributory negligence as would excuse the defendant from such liabilities for injuries caused by defects in railroad tracks which it was its duty to discover and repair, and which might have been discovered and repaired by the exercise of ordinary care and diligence on the part of the defendant."

"10.  The jury are instructed that if they believe from the evidence in this case that the deceased was, on the 6th day of

May, 1905, in the employment of the defendant on one of its trains, and was a minor, and that the coupling and uncoupling of its cars was a part of the duties of his employment, and that the deceased took the pilot of the engine of the defendant to be transferred from one part of the railroad yards, at its depot in El Dorado, Union County, Arkansas, to another part thereof, in the performance of said duty, and that it was permissible by its superior officers and not unusual for employees of defendant in performing such services to be thus transferred from one part of its railroad yards to another, with the knowledge of their superior officers; and if they further find from the evidence that, while being so transferred, the deceased was thrown from the pilot in front of the engine, and was run over by said engine, bruised, mashed and mangled, and that from said injuries he suffered great pain of body and anguish of mind for the space of about two days, and died, and that said injuries, suffering, pain and death of the deceased were the direct results of the carelessness and negligence of the servants and agents of the defendant in not keeping said railroad track in a reasonably safe condition, then they will find for the plaintiff such damages as they may believe from the evidence he is entitled to recover under any one or all three counts sued on."

Appellant asked but the court refused the following:

"1.   The court instructs the jury to find for the defendant."

"7.   The court instructs the jury that one who is injured by the negligence of another cannot recover any compensation for his injury if he by his own negligence and wilful wrong contributed to produce the injury of which he complains, so that but for his concurring and co-operating fault the injury would not have happened to him; and in this case if the jury believe from the evidence that the deceased, David Rufus, had been warned and was informed that it was against the rules and regulations of the company to ride on the front of the engine, and that in disregard of this warning he got up on the engine in front, on what is known as the pilot, slipped, and was run over and injured, and that he would not have been injured had it not been for the position he was in, then your verdict should be for the defendant."

The court modified prayer number 7 by adding at its con-

clusion the words: "provided you find that the defendant by us-
ing ordinary care could have prevented the injury."

The court on its own motion gave the following instruction
over appellant's objection: "If you find from the evidence in
this case than the plaintiff' used ordinary care, you will find for
the plaintiff."

The verdict and judgment were for $500. This appeal has
been duly prosecuted.

*T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. It is error to instruct a jury on undisputed evidence
unless peremptorily. 72 Ark. 440; 69 Ark. 489; 67 Ark. 147.
It is also error to submit to a jury issues upon which there was
no evidence to support a finding. 63 Ark. 177; *Id.* 563; 70 Ark.
441; 70 Ark. 136; 74 Ark. 19; 76 Ark. 348; *Id.* 599; 77 Ark. 20.
When warned and instructed, a minor is then in the same posi-
tion as an adult. That it is negligence which will bar recov-
ery for an adult to ride upon the pilot of an engine: 14 L. R.
A. 552; 95 U. S. 439; 18 Fed. 232; 82 Mich. 374; 77 Miss.
727; 99 Ala. 440; 118 Fed. 232; 118 Ia. 396; 128 Mich. 489; 132
N. C. 711; 57 Kan. 719.

2. It was error for the court to instruct the jury that "if
you find from the evidence in this case that the plaintiff used or-
dinary care you will find for the plaintiff." This instruction
states no rule of law which could be based upon the facts in this
case, and is in direct conflict, and cannot be harmonized, with in-
structions given at request of appellant. 65 Ark. 98; *Id.* 64;
54 Ark. 588; 59 Ark. 98; 55 Ark. 393; 69 Ark. 134; 57 Ark.
203; 72 Ark. 31; 74 Ark. 437; *Id.* 585; 76 Ark. 224; 76 Ark. 69;
77 Ark. 20; *Id.* 200.

3. The court erred in modifying the 7th instruction re-
quested by appellant by adding the words: "Provided you find
that the defendant by using ordinary care could have prevented
the injury." The instruction was thereby rendered meaningless,
and could not do otherwise than confuse the jury.

WOOD, J., (after stating the facts). The court erred in
submitting to the jury the question as to whether David Rufus
had been warned by appellant of the danger of riding on the
pilot. The uncontroverted evidence is that he was warned of

the danger of so riding. The evidence is consistent in itself, and, there being no evidence to the contrary, the court should not have submitted the matter to the jury as if it were a disputed proposition. It is error to submit as issues to the jury matters about which there is no dispute, or to submit questions upon which there is no evidence. *Maddox* v *Reynolds,* 72 Ark. 440; *St. Louis, I. M. & S. Ry. Co.* v. *Tomlinson,* 69 Ark. 489; *Pacific Mut. Life Ins. Co.* v. *Walker,* 67 Ark. 147; *St. Louis, I. M. & S. Ry. Co.* v. *Denty,* 63 Ark. 177; *St. Louis, I. M. & S. Ry. Co.* v. *Sweet,* 63 Ark. 563; *St. Louis, I. M. & S. Ry. Co.* v. *Woodward,* 70 Ark. 441; *St. Louis, I. M. & S. Ry. Co.* v. *Wilson,* 70 Ark. 136; *Fordyce* v. *Key,* 74 Ark. 19; *Davis* v. *Richardson,* 76 Ark. 348; *Frank* v. *Dungan,* 76 Ark. 599; *St. Louis S. W. Ry. Co.* v. *Knight,* 77 Ark. 20; *St. Louis, I. M. & S. Ry. Co.* v. *Fambro, ante* p. 12.

A failure to warn was one of the grounds of negligence charged, and submitting it as a question for the jury when there was no evidence to support it, and when the evidence was all to the contrary, was misleading and prejudicial. See cases *supra.*

In prayers numbered nine and ten given at the instance of appellee, the court in effect told the jury that if it was the custom for employees of appellant to ride the pilot in violation of the rules of the company, and the superior officers of the appellant knew of such custom and permitted it, then David Rufus was not guilty of contributory negligence in also riding the pilot. That is not the law. Although it may have been the custom of other employees of appellant to ride the pilot, of which custom appellant was cognizant, still that would not relieve David Rufus of the charge of contributory negligence in riding the pilot, if the danger of doing so was so imminent and obvious that no prudent man under the circumstances would undertake it. If the danger were of that character, it could not excuse Rufus from the consequences of his negligent act because forsooth other employees were as imprudent as he. It is proper to consider the custom in connection with the other evidence in determining the question of the contributory negligence of Rufus, but not to make that custom a criterion of his conduct, and declare as a matter of law that, because it was the custom for other employees to ride the pilot with the knowledge of appellant's

superior agents in charge, he might do so too without being subject to the charge of contributory negligence.

The Supreme Court of Alabama says: "Custom and usage may be relied upon to excuse the violation of a rule when the act involved is not negligent in itself, but only by relation to the rule violated; and so, when an act may be done in two or more ways, a resort to neither of which involves such obvious peril as raises the legal presumption or conclusion of negligence in the doing of it, a custom or usage to do it in a particular way may be looked to as tending to show that it was not negligence to resort to that method in the instance under consideration. But custom can in no case impart the qualities of due care and prudence to an act which involves obvious peril, which is voluntarliy and unnecessarily done, and which the law itself declares to be negligent." (Citing authorities.) *Warden* v. *L. & N. R. Co.,* 14 L. R. A. 552.

Appellant's counsel have cited several cases where, under the circumstances peculiar to those cases, it was declared, as matter of law, to be contributory negligence for the employee to ride the pilot or in other place of obvious danger. We have examined the cases, and it could serve no useful purpose to review them here. Suffice it to say that the facts in those cases distinguish them from this. Here a boy about sixteen years of age is employed about the yards of appellant company as a brakeman, and was engaged at the time of the accident in switching cars, making up the train. The engine upon which he was riding at the time was going slowly, but faster than a man walks. He was riding on a piece of board on the side of the pilot that was placed there to keep the feet from slipping while employees stood there to open the knuckle to the coupler. It was there for the employees to stand upon while doing that work. It seems that the "piece" or board was a continuation of the steps on the side of the engine. Other brakemen, while engaged in the same work and while being transferred about the yards, rode in this place on the pilot, and did so constantly, and the superior agents of appellant in charge knew that they did so. Under these circumstances, we do not think that it should be held, as matter of law, that the act of young Rufus in so riding was contributory negligence, notwithstanding he was told that it

was against the rules of the company and was warned that it was dangerous. The habitual violation of the rules by other employees with the apparent acquiescence of appellant was well calculated to lead young Rufus to conclude that the rules upon the subject were not considered of sufficient importance to be enforced, and that neither the brakeman, nor the superior servants of appellant regarded riding the pilot as dangerous.

Upon the facts of this case reasonable minds might reach different conclusions as to whether the danger of riding the pilot was such an imminent and obvious one that no prudent man would undertake it.

We are of the opinion that both the questions of the negligence of appellant and the contributory negligence of David Rufus were those of fact to be submitted to the jury under proper instructions.

The court did not err therefore in refusing appellant's first prayer for instructions.

The court erred in instructing the jury on its own motion tc find for the plaintiff if it found that he used ordinary care. This instruction, standing alone, was well calculated to cause the jury to believe that only plaintiff's conduct was under consideration, whereas it was necessary to find negligence on the part of appellant before the contributory negligence could be inquired into or operate as a defense. The instruction was incomplete, misleading and prejudicial. The court also erred in giving appellant's seventh prayer as modified. The modification destroyed the effect that should be given to contributory negligence, if found, and rendered the whole instruction contradictory and meaningless. For the errors indicated the judgment is reversed, and the cause is remanded for new trial.