GOOSBY *v.* CROSSETT LUMBER COMPANY.

Opinion delivered June 14, 1909.

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Plaintiff, an employee of a sawmill company, was riding upon the pilot of an engine while returning to the log camp. There was evidence that it was customary for defendant's employees to ride there, and that the engineer directed him to do so upon this occasion; that the engine was moved forward and collided with a flat car, causing plaintiff to be injured; that the engine was backed on the return trip, and plaintiff supposed it would start back to camp when it moved: *Held* that the question whether plaintiff was negligent in riding on the pilot of the engine was for the jury.

Appeal from Ashley Circuit Court; *Henry W. Wells,* Judge; reversed.

STATEMENT BY THE COURT.

Ed Goosby brought this suit in the Ashley Circuit Court against the Crossett Lumber Company to recover damages for personal injuries received by him on account of the alleged negligence of the employees of said Lumber Company, while operating a train on its line of road.

The defendant company answered, denying negligence on its part, and pleading the contributory negligence of the plaintiff as a defense to the action.

The case was tried before a jury, and the plaintiff, to maintain the issues on his part, testified substantially as follows:

"In October, 1905, I began to work for the Crossett Lumber Company about nine miles from Crossett, Arkansas. On December 6, 1905, while engaged in the service of the company, I

got my right knee hurt. I was carried to the camp boarding house, and was treated there by the company physician for 25 days. About January 1, 1906, I went to Crossett, and stayed with my brother awhile. During the time since I received the injury, I was getting half wages. I had an understanding with the company's doctor that he would certify me disabled, and on that account on half wages into February, and that I could go to my home in Lincoln County until I got well. I was then to come back and resume my work. To perfect this arrangement, it was necessary for me to get a statement of my board, which was to be deducted from my wages, and for this purpose I had to go to the boarding camp in the woods . The lumber company had an engine and train of cars, with which it hauled its logs from its camp in the woods to its mill at Crossett, and on which its employees were accustomed to ride to and from the camp to Crossett. I asked permission of the engineer to ride to the camp on his train. The engineer told me that I could ride with him and directed me to get on the pilot of the engine, which was constructed so that persons could ride there. It had a footboard across the front about one foot above the track, and a broad flat surface extending forward from the boiler. It was the custom to run the engine backwards to the camp. I thought the train was going to the camp when it started, but the engine went towards the switch. It ran into a flat car, and my leg was broken. I was sitting on the right hand side of the pilot with my left leg upon the draw head. I could not jump off on account of my injured knee.

The lumber company, to sustain the issues on its part, introduced as witnesses the engineer and conductor of the train. Each of them denied that permission was given to the plaintiff to ride upon the pilot, and said that it was the most dangerous part of the train to ride upon. They said that the pilot had painted on it a large sign, "Keep Off!" for the purpose of warning persons not to ride there. They also denied that employees of the company were accustomed to ride upon the pilot.

The plaintiff admitted that he saw the sign, but thought it meant to keep off unless the engineer gave one permission to ride there.

The jury returned a verdict for the defendant, and the plaintiff has appealed.

*Geo. B. Pugh* and *R. E. Wiley,* for appellant. .

Only in exceptional cases will the court take the question of negligence from the jury. It is only when the facts themselves and the inferences therefrom are indisputable that the court may take it from the jury. It is a question for the jury where the facts are in dispute, or, if undisputed, fair-minded men might reasonably draw different conclusions therefrom. Cooley on Torts, 3d Ed. 142 *et seq.;* Thompson on Neg. §§ 428-9, 7393-4; Beach on Contributory Neg. § § 448-451; 118 Cal. 55; 97 Wis. 382; 184 N. Y. 100; 159 U. S. 603; 85 Ark. 479; 61 Tex. 499; 87 Ark. 101; 82 Ark. 507; 37 Ark. 519.

*T. D. Wynne* and *Geo. W. Norman,* for appellee.

The proved facts must lead all reasonable men to the conclusion that appellant was guilty of negligence in riding on the pilot of the engine, and that he was a trespasser. 22 Barb. (N. Y.) 91; 34 Am. & Eng. R. Cas. 271; 83 Ill. 424; 40 Ark. 298; 95 U. S. 439; 14 L. R. A. 552.; 33 S. W. 379; 79 S. W. 1101.

HART, J., (after stating the facts). Counsel for appellant assigns as error the action of the court in instructing the jury as a matter of law that appellant was guilty of contributory negligence in riding upon the pilot of the engine, although the conductor or engineer told him to do so.

In support of their contention of the correctness of the ruling of the trial court, counsel for appellee rely chiefly on the case of *Railroad Company* v. *Jones,* 95 U. S. 439; but the facts developed in the present case are more nearly like those in the case of *El Dorado & B. Rd. Co.* v. *Whatley,* 88 Ark. 20. In the Jones case the servant was returning from work on the main line of the railway company, which was a common carrier, where the meeting of trains and the consequent danger from running into other trains was much more imminent than in the present case. In the instant case, appellant testified that the engine always run backward on its return to the camp; that it was customary for employees to ride upon the pilot, and that it had been fitted up with a flat top extending forward from the front of the boiler for that purpose; that but one train ran on the track, and that he understood the engine would start back to the camp when it moved. Under these circumstances, the court should

have left it to the jury to say whether he was guilty of contributory negligence; for they might have found that there was no more reason for him to anticipate danger in riding on the pilot than on any other part of the train. It is only when the court can say from the facts and circumstances detailed in evidence that reasonable and fair-minded men could not believe that the plaintiff was acting as an ordinarily prudent person would have acted under the attendant circumstances that the question of plaintiff's contributory negligence is one of law for the court. As stated in the case of *El Dorado & B. Rd. Co.* v. *Whatley, supra:* "Upon the facts of this case reasonable minds might reach different conclusions as to whether the danger of riding the pilot was such an imminent and obvious one that no prudent man would undertake it."

Therefore the court erred in taking from the jury the question of plaintiff's contributory negligence, and for this reason the judgment must be reversed, and the cause remanded for a new trial.