DOWELL, INCORPORATED v. PATTON.

5-52 · 257 S. W. 2d 364

Opinion delivered April 13, 1953.

Rehearing denied May 18, 1953.

*Mahony & Yocum,* for appellant.

*Crumpler & O'Connor* and *Jabe Hoggard,* for appellee.

J. SEABORN HOLT, J. This litigation was instituted following a collision between an automobile owned and operated by appellee, Patton, and appellant's truck, operated at the time by one of its employees. Appellee sued for damages to his automobile, for personal injuries, and loss of time. A jury trial resulted in a verdict for appellee in the amount of $1,920. From the judgment is this appeal.

For reversal, appellant argues two points. "1. The trial court erred in excluding from the jury the evidence showing plaintiff's, Patton's, interest in this case. 2. The trial court erred in refusing to give defendant's, Dowell's, requested instruction No. 13 and in modifying it and giving it as the court's instruction No. 13." We hold that both of these contentions are untenable.

1.

The record shows that Patton testified in chambers (away from the jury) before the trial judge, in effect, that (quoting from appellant's abstract): "He limited his claim for recovery for personal injuries largely to 15 days of lost time from work (15 days at $28 per day or $420 as testified to before the jury), and that the balance of any recovery would be for injuries to his automobile of which he claimed $50, the balance $1,450 to go to the Home Insurance Company under his $50 Deductible Insurance Policy with it and its payment to him."

Dowell offered the above testimony along with a receipt from the Home Insurance Company showing part payment to Patton on his claim against that company. Dowell claimed that this testimony was competent for the purpose of showing appellee's, Patton's, interest in the suit and as effecting his credibility as a witness. The court held this evidence incompetent in the circumstances and we think correctly so.

The Home Insurance Company (appellee's collision insurance carrier) had settled part of the loss with appellee. The insurance company was not a party to the

suit and did not ask to be made a party, nor was there any request that it be made a party. It was not a necessary or indispensable party, but was not an improper party, and could have been made a party. Appellee was the real party in interest, and appellant was not concerned with any rights or interest of appellee in appellee's insurance contract with the Home Insurance Company. In circumstances similar in effect, in the recent case of *McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566, we said:

"The sounder reason and better view supports what appears to be the majority rule, that where, as here, an insurance company has only partially reimbursed an insured for his loss, the insured is the real party in interest and can maintain the action. . . . Appellee's action was a single cause of action, that he was the real party in interest, and that appellant was not concerned with any rights or interests of appellee in the insurance contracts here. . . . 'Under statutes providing that every action must be prosecuted in the name of the real party in interest, it is generally held that if the insurance paid by an insurer covers only a portion of the loss, the insurer is not the real party in interest, but rather, the right of action against the wrongdoer who caused the loss remains in the insured for the entire loss, and the action must be brought by him in his own name. This rule has been said to rest upon the theory that the insured sustains toward the insurer the relation of trustee, and also upon the right of the wrongdoer not to have the cause of action against him split up so that he is compelled to defend two actions for the same wrong.' . . .

" 'Where the action is brought by insured in his own name against the wrongdoer to recover the full amount of the loss, he sustains toward insurer the relation of trustee, in respect of such portion of the amount recovered as the former under his contract has been compelled to pay.' . . . Appellee, insured, holds the proceeds of his judgment against appellant as trustee and must account to the insurance companies as their interests may appear."

## 2.

Appellant requested the following instruction (No. 13): "You are instructed that the collision involved occurred within the corporate limits of the City of El Dorado, Arkansas, and that the speed limit for said time and place for motor vehicles as fixed by an ordinance of said city was a maximum speed of 25 miles per hour. The undisputed testimony is that the plaintiff was driving at a rate of speed in excess of 25 miles per hour, and this is a circumstance for you to take into consideration in determining whether the plaintiff was guilty of negligence that caused or contributed to the cause of the collision."

The court refused the instruction in the form offered and over appellant's objections gave a modified form as follows: "Court's instruction No. 13—You are instructed that the collision involved occurred within the corporate limits of the City of El Dorado, Arkansas, and that the speed limit for said time and place for motor vehicles as fixed by an ordinance of said city was a maximum speed of 25 miles per hour; so, if you find from a preponderance of the evidence that the plaintiff was driving in excess of the maximum speed by said city, such act on the part of the plaintiff is a circumstance for you to take into consideration in determining whether the plaintiff was guilty of negligence that caused or contributed to the cause of the collision."

Appellant objected generally and specifically in this language: "That the evidence is undisputed that the speed at which the plaintiff (Patton) was driving exceeded 25 miles per hour, and the Court should instruct the jury, as a matter of fact, that the plaintiff was exceeding the maximum speed limit as fixed by the City Ordinance of El Dorado and not leave it to the jury to determine whether or not plaintiff was exceeding such speed limit."

We do not agree that the evidence is undisputed that appellee was driving at a speed of twenty-five miles per hour at the time of the collision. What was undisputed

(in fact stipulated) was that the collision occurred within the corporate limits of the City of El Dorado and that speed in excess of twenty-five miles per hour was forbidden by a City Ordinance. Appellee testified: "Q. At approximately, when you first saw this truck, approximately what rate of speed were you traveling? A. About forty-five (45) miles an hour. . . . Q. How far were you from this truck when you noticed, or saw him start cutting across to make his left turn? . . . What distance were the two cars apart—these two vehicles apart? A. Oh, I would say 50 or 75 yards, something like. . . . Q. Did you—when you saw this vehicle, or truck, cutting across, and when you first saw it—state whether or not you did anything to check the speed of your automobile? A. Certainly; I applied the brakes."

This evidence was sufficient to warrant the giving of the modified instruction on the issue of appellee's speed at the time of the collision, and we find no error.

Affirmed.

GEORGE ROSE SMITH, J., dissenting in part. I agree that the proof of Patton's settlement with his insurer was properly excluded, although my reasoning is not quite that of the other members of the court. Dowell argues that Patton's pecuniary interest in the case affected his credibility and that therefore the jury were entitled to know that Patton had only fifty dollars at stake. Even so, the exclusion of the evidence was favorable to Dowell as far as credibility is concerned, since proof that Patton had only a nominal interest in the verdict would increase rather than decrease the likelihood of his being believed. It is plain enough that the evidence was offered in the hope that the jury might have some bias against insurance companies, and it was rightly rejected for the same reason that proof of a defendant's insurance protection is inadmissible.

I think, however, that Instruction 13 should not have been modified. We have repeatedly held that an issue should not be submitted to the jury when the facts are undisputed. For example, when the uncontradicted evi-

dence shows that an employee was warned of a certain danger, it is reversible error for the court to submit the failure to warn as a basis for a finding of negligence. *El Dorado & Bastrop R. Co.* v. *Whatley,* 88 Ark. 20, 114 S. W. 234, 129 Am. St. Rep. 93.

The majority opinion recognizes this rule but avoids its application upon the premise that the evidence of Patton's excessive speed is not undisputed. I wholly disagree with this view. The speed limit was twenty-five miles an hour, and Patton admits that he was traveling at about forty-five when he saw that a collision was imminent and applied his brakes in a vain attempt to stop. The majority's position is that if Patton's last-minute efforts to stop succeeded in reducing his speed to the legal limit at the moment of impact, then the jury were warranted in disregarding altogether the undisputed fact that Patton was speeding when he realized that an accident was about to take place. The question, however, is that of proximate cause, and I think this instruction erroneous for the reason that it permitted the jury to ignore an element of causation as to which the evidence was not in conflict.