Bert PAGE *v.* David S. SCOTT

77-411                                    567 S.W. 2d 101

Opinion delivered June 19, 1978
(In Banc)

*Friday, Eldredge & Clark,* by: *John Dewey Watson,* for appellant.

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Page owned a residence which he rented to appellee Scott by an oral lease. The residence was damaged by a fire caused by the negligence of Scott. Total damages amounted to $8,050. Page carried a fire insurance policy with Hartford Insurance Company. It covered damages in excess of $50, which was the amount deductible under the policy terms. The company paid Page $8,000. Page paid the remaining $50. Page sued Scott for the entire amount of the damages. Scott defended on the ground that the insurance company was the real party in interest and that its subrogation claim was barred as a matter of law. The real basis of this defense, as stated in the trial court by appellee's attorney, was the contention that the policy was procured for the mutual benefit of the lessor and the lessee with the implied agreement that Page would look solely to the insurance policy in case of loss by fire and not to the lessee. On this basis, the trial court held that no subrogation right existed, because the insurance company's rights were no greater than those of its insured. Judgment for $50 was rendered in favor of Page. The complaint for damages in excess of that amount was dismissed. Appellant asserts that

the trial court erred in failing to enter judgment for the full amount of the stipulated damages. We agree, reverse the judgment of the trial court and remand the case for entry of a judgment in favor of the appellant for $8,050, the full amount of the damages.

There are certain pertinent matters which are not subject to serious dispute. Although appellee contended that the insurance company was the real party in interest, his attorney expressly stated that he was not requesting that the company be made a party plaintiff. Actually, where the insured has a deductible interest, he is the real party in interest in whose name an action such as this must be brought. *Dowell, Inc. v. Patton,* 221 Ark. 947, 257 S.W. 2d 364; *McGeorge Contracting Co. v. Mizell,* 216 Ark. 509, 226 S.W. 2d 566. See also, *Erwin, Inc. v. Arkansas Louisiana Gas Co.,* 261 Ark. 537, 550 S.W. 2d 174. The amount collected on a fire insurance policy by an insured does not, in any sense, constitute proceeds of the property and the coverage is personal to the insured and is for his benefit only. *Whitley v. Irwin,* 250 Ark. 543, 465 S.W. 2d 906; *McDonald v. Rankin,* 92 Ark. 173, 122 S.W. 88; *Langford v. Searcy College,* 73 Ark. 211, 83 S.W. 944. The lessor and the lessee each had an insurable interest in the property, independent of the other; and either, or both, may separately insure his interest for his own benefit. *Hale v. Simmons,* 200 Ark. 556, 139 S.W. 2d 696; *Roesch v. Johnson,* 69 Ark. 30, 62 S.W. 416. A landlord may recover from his tenant for fire damage caused by the negligence of the tenant. See *Kirkpatrick v. Reese,* 219 Ark. 124, 240 S.W. 2d 1; 49 Am. Jur. 2d 911, Landlord & Tenant, § 934. If there had been no insurance involved, Page's right to recover would have been beyond question and his right to recover the $50 deductible is not questioned. He was entitled to file the action in his own name, the insurer not being a necessary party, and the single cause of action could not be split. *Washington Fire & Marine Ins. Co. v. Hammett,* 237 Ark. 954, 377 S.W. 2d 811. Appellee had no interest in any of the rights or interests of appellant in his insurance policy with Hartford. *Dowell, Inc. v. Patton,* supra; *McGeorge Contracting Co. v. Mizzell,* supra; *Motors Ins. Corp. v. Coker,* 218 Ark. 653, 238 S.W. 2d 491. The only issue then, is whether the insurance taken by the lessor was for the benefit of both parties. There is no evidence that it was.

Appellee contends, however, that a lessor's insurer has no subrogation to the lessor's claim against the lessee. This undoubtedly would be true if the parties had agreed as a part of the transaction that insurance would be provided for the mutual protection of the parties. *U.S. Fidelity & Guaranty Co. v. Aetna Casualty & Surety Ins. Co.,* 418 F. 2d 953 (8 Cir., 1969). It would also be true if such an agreement could be implied from the terms of the agreement between the parties. Such an agreement has been implied when the terms of the lease require the landlord to carry insurance at the expense of the tenant, when the tenant's contractual obligation to return the leased property in good condition excepts loss by fire and when the agreement requires the lessor to carry insurance and use the proceeds for restoration of the property insured. *Liberty Mutual Fire Ins. Co. v. Auto Spring Supply Co.,* 59 Cal. App. 3d 860, 131 Cal. Rptr. 211 (1976); *New Hampshire Ins. Co. v. Fox Midwest Theatres,* 203 Kan. 720, 457 P. 2d 133 (1969); *Rock Springs Realty, Inc. v. Waid,* 392 S.W. 2d 270, 15 ALR 3d 774 (Mo., 1965); *General Mills v. Goldman,* 184 F. 2d 359 (8 Cir., 1950); *Cerny-Pickas & Co. v. C. R. Jahn Co.,* 7 Ill. 2d 393, 131 N.E. 2d 100 (1955). See also, 49 Am. Jur. 2d 912, Landlord & Tenant, § 935; Annot., 15 ALR 3d 786.[1]

This is not the case here, because there is not even a suggestion that the agreement included any terms from which such an agreement could be implied. Appellee's statement that Page procured the policy of fire insurance as a part of the leasing transaction is wholly unsupported by anything in the record before us. As a matter of fact, it was admitted that both appellant and appellee carried insurance. The fiction that by paying the rent, the lessee paid the insurance premium is not appropriate. There is no evidence that appellee paid any greater rent because of the insurance than he would have paid had appellant not taken insurance. If the tenant paid the insurance premium, he also paid the taxes on the property and the cost of construction or purchase of the house, not to mention cost of repairs and maintenance. Such

[1]In any event, the denial of the right of recovery is not because the insurer is not entitled to subrogation. It is based upon the absence of a cause of action by the insured landlord. See cases cited. Cf. *St. Louis-San Francisco R. Co. v. Travis Insulation Co.,* 215 Ark. 868, 223 S.W. 2d 765.

a fiction ignores the fact that more often than not the market, i.e., supply and demand, is the controlling factor in fixing and negotiating rents.

We are not aware of any case in which it has been held that the landlord, who has recovered the proceeds of insurance he had obtained and paid for, without any agreement with the tenant regarding insurance or loss by fire, cannot recover from the tenant for negligence resulting in the destruction of the leased property by fire, solely on the basis of such a fiction.

It is no defense to an action by an insured against his tenant for negligence that the insured has collected the full amount of the insurance carried by him on the leased property, as the question of entitlement to the proceeds of the recovery in tort is between the insured and the insurer. *Anderson* v. *Miller*, 96 Tenn. 35, 33 S.W. 615, 54 Am. St. Rep. 812, 31 LRA 604 (1896). As pointed out in *Anderson*, in the absence of an agreement, the tenant has no equitable claim for reduction in damages because the landlord has but a single recovery for the tenant's wrong and the landlord's recovery of the proceeds of an insurance contract, to which the tenant was not privy, entitles the tenant to no equities because of the tenant's own wrongful act. We have held that evidence of a recovery of insurance proceeds was properly excluded in a somewhat similar background. *Dowell, Inc.* v. *Patton*, 221 Ark. 947, 257 S.W. 2d 364.

Furthermore, we are not persuaded by appellee's argument that appellant should not be entitled to a tort recovery for the benefit of the insurance company because the company insured against losses by negligence and the recovery would result in a windfall to the insurer. The same might be said about a recovery from a third party liable because of negligently causing a fire. It also could be said of the insurer affording collision coverage to an automobile owner suffering damage from the negligent acts of another. We have never recognized the validity of such an argument.

The judgment is reversed insofar as it denied recovery of the amount of appellant's insurance payment and the trial

court is directed to enter judgment in favor of the appellant for the full amount of appellant's damages.