THE GIFT BOX, B & G FASHIONS, THE FRAME HOUSE, and Mike R. LAWYER *v.* Joe SCOTT and Rita SCOTT, d/b/a THE WISHING WELL

80-306                                    613 S.W. 2d 395

Supreme Court of Arkansas
Opinion delivered March 30, 1981

*Laser, Sharp & Huckabay*, for appellants.

*Jones & Petty*, for appellees.

ROBERT H. DUDLEY, Justice. The Court of Appeals has certified this case to us as a case of significant legal principle. Rules of the Supreme Court and the Court of Appeals 29 (4) (b).

Appellants and appellees are co-tenants operating different businesses in a shopping center in Pine Bluff. The various appellants filed suit claiming the appellees' negligent use of an extension cord resulted in a fire that caused $28,446.53 in damages. It is stipulated that the various appellants had fire insurance policies which paid for their losses subject to a $100 deductible provision in each policy. The policies provided for subrogation and that the insured would not waive subrogation. All parties leased their spaces in the shopping center from the T & S Company. Each lease between T & S and the parties to this action contained the following provision:

> Lessor and Lessee and all parties claiming under them hereby mutually release and discharge each other from all claims and liabilities arising from or caused by any hazard covered by insurance on the leased premises, or covered by insurance in connection with the property or activities conducted on the leased premises, regardless of the cause of the damage or loss.

The appellees filed a motion for summary judgment, contending this provision prevented the appellants from maintaining a cause of action against them. The trial court granted the motion.

The learned trial judge found that the waiver of subrogation in each lease bound the co-tenants in this tort action. The paragraph in each lease released the lessee and the T & S Company, the lessor, and parties claiming under it. But in

this action, the appellants are not claiming damages under or through the lease. The lease contains no language waiving the right to bring an action for negligence against a co-tenant. We hold there is no express written waiver of the cause of action for negligence.

As a second reason for granting the summary judgment, the trial judge relied upon a different type of waiver which is described in a line of cases which hold that subrogation by the insurance company is not allowable against a tenant when it was agreed that insurance would be taken out for the mutual protection of all, and the tenants paid extra rent as a part of the insurance premium. *New Hampshire Insurance Company* v. *Fox Midwest Theatres, Inc.*, 203 Kansas 720, 457 P. 2d 133 (1969). That reasoning is not applicable to this case, as each policy of insurance was purchased by an individual tenant and inured to the benefit of that tenant. There is not even a suggestion that the lease contains terms from which it could be found the insurance was for the mutual benefit of the parties.

In *Page* v. *Scott*, 263 Ark. 684, 567 S.W. 2d 101 (1978), the lessor carried a policy of insurance on the damaged property. He sued for the entire damages, not just the deductible. We allowed recovery, finding there was no insurance for the mutual benefit of the parties and said:

> ... Appellee's statement that Page procured the policy of fire insurance as a part of the leasing transaction is wholly unsupported by anything in the record before us. As a matter of fact, it was admitted that both appellant and appellee carried insurance. The fiction that by paying the rent, the lessee paid the insurance premium is not appropriate. There is no evidence that appellee paid any greater rent because of the insurance than he would have paid had appellant not taken insurance. If the tenant paid the insurance premium, he also paid the taxes on the property and the cost of construction or purchase of the house, not to mention cost of repairs and maintenance. Such a fiction ignores the fact that more often than not the market, i.e., supply and

demand, is the controlling factor in fixing and negotiating rents.

The language is applicable to this case. There is no insurance policy for the mutual protection of all parties which bars subrogation or this cause of action.

Reversed and remanded.