McGEORGE CONTRACTING Co. *v.* MIZELL.

4-9049                                    226 S. W. 2d 566

Opinion delivered January 30, 1950.

*Reinberger & Eilbott,* for appellant.

*Wright, Harrison, Lindsey & Upton,* for appellee.

HOLT, J.    Appellee, a resident of Little Rock, and employed by the Peerless Engraving Company, sued appellant, Construction Company, to recover damages of $5,000 for alleged personal injuries and $1,000 damages to his automobile, alleged to have been caused by the negligence of appellant.   Appellant's answer was a general

denial and affirmatively pleaded that whatever damages appellee received were due solely to his own contributory negligence. A jury trial resulted in a verdict for appellee for $2,000, and from the judgment is this appeal.

For reversal, appellant first questions the sufficiency of the evidence and earnestly contends that appellee was guilty of contributory negligence as a matter of law and that the court erred in refusing appellant's request for an instructed verdict at the close of the testimony. Appellant, in its brief in this Court, does not contend that it was free of negligence.

On October 13, 1947, appellee, driving to Magnolia on U. S. Highway 79, on arriving at Camden, noted and undertook to follow certain detour signs and after returning to Highway 79, and traveling some distance, came to a point where workers serving appellant were engaged in unloading and spreading gravel from trucks which were moving in and out. He was cautioned to "take it easy in this area where they are spreading gravel and trucks hauling." This construction area extended for about ¾ of a mile. Appellee testified that after he passed this area where the gravel was being spread, the road was in good condition for six or seven miles to the scene of the mishap and there was no construction work taking place in this six or seven mile stretch. After leaving this area, appellee resumed his speed of approximately forty miles per hour, and while so traveling slightly down grade on a wide curve to the left, the road appeared to be a continuous stretch to the crest of a slight hill just beyond the curve. He did not observe that in the curve and just before the bottom of the hill was reached, a gap or opening had been left for a bridge and provision had been made for motorists to leave the main roadway by making a left turn on a descending side road over a narrow bridge. There were no warning or detour signs directing traffic around this portion of the highway with the exception of a barricade of unpainted boards immediately in front of the gap. The road was being used for traffic and a great many cars were passing over it. Appellee testified that as he approached the gap, an approaching

vehicle stirred up some dust which obscured his vision and he could not tell whether the barricade was on the road or at the side of the highway and did not see it until he was right on it and then he immediately pulled his car to the left to the side road in an attempt to get on the bridge but succeeded in getting only his left wheels on the bridge and he and his car were thrown into the ravine. Appellee's car was practically demolished and he received personal injuries. Some days following the mishap, the following sign was erected on the right side of the curve: ''Bridge out—Detour 300 ft.''

Photographs of the scene of the mishap, surroundings and of the wrecked automobile were in evidence. There was evidence that the portion of Highway 79 where the mishap occurred, although no construction work was being carried on at this point at the time, was under appellant's control and responsibility in accordance with the following provision of appellant's contract with the State. ''7.9. Barricades, Warning and Detour Signs. The Contractor shall provide, erect and maintain all necessary barricades, suitable and sufficient red lights, danger signals and signs and take all necessary precautions for the protection of the work and safety of the public. Highways closed to traffic shall be protected by effective barricades on which shall be placed acceptable warning signs. The Contractor shall provide and maintain acceptable warning and detour signs at all closures and intersections, directing the traffic around the closed portion or portions of the highway, so that the temporary detour route or routes shall be clearly indicated. All barricades and obstructions shall be illuminated at night and all lights shall be kept burning from sunset until sunrise.''

Whether we would be warranted in saying, as a matter of law, in the circumstances here, that the appellee was guilty of contributory negligence and therefore could not recover has given us some concern.

After a careful consideration of all the testimony, however, and viewing it in the light, as we are required to do, most favorable to appellee and keeping in mind

"that where fair-minded men might honestly differ as to the conclusion to be drawn from facts, either controverted or uncontroverted, the question at issue should go to the jury" (*D. F. Jones Construction Co., Inc.* v. *Lewis,* 193 Ark. 130, 98 S. W. 2d 874), we are unable to say that the jury was not warranted in finding that appellee was free of any negligence that contributed to the mishap. At least, we are unable to say that a question was not made for the jury. See *Hill* v. *Whitney,* 213 Ark. 368, 210 S. W. 2d 800.

The record reflects that at the time of the damages to appellee complained of, he carried collision insurance on his automobile with the State Farm Mutual Automobile Insurance Company (with a $25 deductible clause) and his employer, the Peerless Engraving Company, was subject to the Arkansas Workmen's Compensation Act and the Maryland Casualty Company was its insurance carrier. The State Farm Mutual Insurance Company paid appellee damages to his automobile in the amount of $764.50 and the Compensation Commission awarded appellee $27 and his medical and hospital bills, in the amount of $164, which were paid by the Maryland Casualty Company prior to trial.

Appellant filed a motion in which he asked the court "to require that the State Farm Mutual Automobile Insurance Company be made a party plaintiff to this cause of action, and that the Maryland Casualty Company either be made a plaintiff or else any damages or compensation paid to the plaintiff by that Company be stricken from the complaint." This motion was denied by the court.

Appellant argues that both of these insurance companies were necessary and indispensible parties plaintiff to the suit. It appears that appellee had agreed with the compensation insurance carrier, Maryland Casualty Company, to recognize and honor its statutory lien and it did not intervene. The State Farm Mutual Insurance Company did not ask to be made a party plaintiff. In these circumstances, courts generally appear to be divided on the question whether the insurance

companies are necessary parties plaintiff in an action against a tort-feasor.

The question presented appears to be of first impression here. After a careful review of the authorities, we have reached the conclusion that the sounder reason and better view supports what appears to be the majority rule, that where, as here, an insurance company has only partially reimbursed an insured for his loss, the insured is the real party in interest and can maintain the action. An insurance company would be a proper party plaintiff should it so request, or intervene, but it would not be a necessary or indispensible party. The interest of the insurance carrier here, Maryland Casualty Company, is protected and preserved by statute.

Ark. Stats. (1947), § 81-1340, provides: "Third party liability.—(e) Liability unaffected. (1) The making of a claim for compensation against any employer or an insurance carrier for the injury or death of an employee shall not affect the right of the employee, or his dependents, to make claim or maintain an action in tort against any third party for such injury, but the employer or his insurance carrier shall be entitled to reasonable notice and opportunity to join in such action. If they, or either of them join in such action, they shall be entitled to a first lien upon two-thirds of the net proceeds recovered in such action that remain after the payment of the reasonable cost of collection, for the payment to them of the amount paid to, and to be paid, by them as compensation to the injured employee."

As indicated, this insurance carrier, upon notice, had agreed to accept appellee's promise to recognize its lien and it elected not to intervene.

The State Farm Mutual Insurance Company made no request to be made a party plaintiff. We hold in the circumstances that appellee's action was a single cause of action, that he was the real party in interest, and that appellant was not concerned with any rights or interests of appellee in the insurance contracts here.

Our statute provides: (Ark. Stats. 1947, § 27-801) "Every action must be prosecuted in the name of the real

party in interest, etc.,'' and section 27-806 provides: ''All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.''

Under these statutes, the insurance companies here would not have been improper parties, but, as indicated, they were not essential or necessary parties. They could have become parties had they so desired. The general rule is stated in *29 Am. Jur.* 1016, in this language: ''Under statutes providing that every action must be prosecuted in the name of the real party in interest, it is generally held that if the insurance paid by an insurer covers only a portion of the loss, the insurer is not the real party in interest, but rather, the right of action against the wrongdoer who caused the loss remains in the insured for the entire loss, and the action must be brought by him in his own name. This rule has been said to rest upon the theory that the insured sustains toward the insurer the relation of trustee, and also upon the right of the wrongdoer not to have the cause of action against him split up so that he is compelled to defend two actions for the same wrong,'' and in 46 C. J. S. 190, as follows:

''Where the loss exceeds the amount of the insurance, so that payment under the insurance contract constitutes but a partial satisfaction of the damages sustained, leaving a residue to be made good by the wrongdoer, it has been held that insured may maintain in his own name the action against the tort-feasor, which may be for his own benefit and for the benefit of insurer. In such case insured may recover the full amount of the loss for which the tort-feasor is liable and insurer is not a necessary party. Indeed, it has been held that in such case the action must be brought in the name of insured, as the right of action for the whole loss remains in him. Where the action is brought by insured in his own name against the wrongdoer to recover the full amount of the loss, he sustains toward insurer the rela-

tion of trustee, in respect of such portion of the amount recovered as the former under his contract has been compelled to pay."

Here, the appellee, insured, holds the proceeds of his judgment against appellant as trustee and must account to the insurance companies as their interests may appear. The Annotator in 140 A. L. R., page 1246, under "Right of Insurer to share in recovery by insured against tort-feasor" used this language: "The cases involving the question of the right of an insurance company which has paid a claim for property damage to an insured automobile to share, under principles of subrogation, in the proceeds of a recovery against or settlement with the tort-feasor in favor of the insured are unanimous in upholding the right of the insurer so to share."

Next appellant contends that there was error in admitting in evidence a photograph showing the effect of dust created by a moving vehicle. Appellee testified that his vision had been obscured at the time of the mishap by dust from a car near the barricade. The picture taken after the mishap is of dust created by a moving car, which appellee testified was substantially the same as that portrayed in the picture and which confronted him at the time of the mishap. The admissibility of this photograph, in the circumstances, was within the sound discretion of the court. "The admission, relevancy and materiality of photographs as evidence is left to the discretion of the trial judge and, unless that discretion has been abused, his ruling will not be disturbed." *Higdon* v. *State,* 213 Ark. 881, 213 S. W. 2d 621 (Headnote 5). See, also, *Powell Brothers Truck Line, Inc.* v. *Barnett,* 196 Ark. 1082, 121 S. W. 2d 116.

With the photograph admitted, the issue became one of fact for the jury to decide as to whether appellee was correct in his testimony. We find no error here.

Appellant argues that the court erred in giving the following instruction: "In the absence of notice to the contrary, a motorist may assume that the way is reasonably safe for travel and he is not required to anticipate

unusual obstructions on a public highway. The erection and maintenance of a sign to the effect that a motorist proceeds or travels at his own risk does not relieve a highway contractor of his duty of exercising ordinary care for the safety of the traveling public, and Mr. Mizell did not assume, because of said sign, any risks arising from any negligence, if any, of defendant, McGeorge Contracting Company.''

We do not think that this instruction was an incorrect declaration of the law applicable to the facts here. The rule is stated in 40 C. J. S. 317 in this language: ''In the absence of notice to the contrary a traveler on a highway open to the public ordinarily has a right to rely on the assumption that the highway is in a reasonably safe condition for travel and free from obstructions, and he need not keep his eyes constantly fixed on the road or path of the highway, or look far ahead for defects which should not exist.''

This was but one of many instructions and when all are considered, as they must be, we find no prejudicial error.

Next appellant contends that the court erred in permitting Mrs. Mizell (appellee's wife) to testify ''with reference to detour signs placed by the Highway Department and also to testify as to the absence of detour signs.''

Mrs. Mizell testified, in effect, that three or four days following the mishap, she made a trip over the same road where the mishap occurred and that there were no signs indicating that the road stopped or that the bridge was out. There was evidence that the road and surroundings were in practically the same condition as when the mishap occurred and that there had been no material changes.

Appellant's witness, Robinson, testified: ''Q. In the week following the accident, was there any change made in the condition of the road as you approached the scene of this accident? A. No, none other than

regular routine patrol work and the bridge contractor was moving in.''

The president of appellant company, Dickinson, testified: ''Q. Was there any change in the condition of the road the week after the accident? A. The physical condition wasn't changed. Q. And so far as signs and things like that, there had been no change at all? A. Been no change at all.''

Mrs. Mizell also testified as to the absence of signs.

We hold that there was no error in admitting this testimony in the circumstances.

Finally, appellant argues that the court erred in permitting appellee, over his objections, ''to testify regarding detour signs along U. S. Highway 79 because under the evidence it was not the duty of the defendant to post or maintain said signs.''

We think this contention untenable and fully answered and covered by what we have said in answer to appellant's first contention above.

On the whole case, finding no error, the judgment is affirmed.