## ARK-HOMA FOODS, INC. *v.* Claude C. WARD, Jr. ET AL

5-5683                    473 S.W. 2d 910

Opinion delivered December 20, 1971

*Garner, Parker & Garner,* for appellant.

*Bethell, Callaway, King & Robertson,* for appellees.

Lyle Brown, Justice. This section was instituted by Ark-Homa Foods, Inc. against Claude C. Ward, Jr., and Frank A. Drum, a partnership doing business as Border City Ice and Cold Storage Company. When it became apparent from the pleadings and interrogatories that Ark-Homa Foods was not the proper party plaintiff, Ark-Homa moved to substitute its insurer as plaintiff. That motion was denied and the cause was dismissed. On appeal, Ark-Homa alleges error in denying its motion to substitute a party plaintiff and in dismissing the case.

On two occasions in the summer of 1966 a pipe in one of Border City's freezing units ruptured and re-

leased a heavy concentration of ammonia. In both instances Ark-Homa Foods, which had stored substantial quantities of fruits and vegetables with Border City, suffered considerable losses. Ark-Homa brought this suit to recover damages. In answer to Border City's interrogatories it was revealed that Ark-Homa's insurance carrier had paid to Ark-Homa the full amount of both losses. Thereupon Ark-Homa Foods moved to substitute in its stead the name or names of the proper parties "whomever they may be" as plaintiff or plaintiffs in the case. The trial court denied the motion and dismissed the complaint on Border City's motion. (It is apparent from the briefs on both sides that Ark-Homa wanted to substitute as plaintiff its insurer. The insurer could not have then brought a new action because of the statute of limitations.)

In order to determine whether the trial court acted properly, two issues must be resolved. The insured having been paid in full, (a) can the suit be prosecuted in the name of the insured for the benefit of the insurer, or (b) can the insured be substituted as plaintiff?

As to part (a) of the question we hold that the suit cannot be prosecuted in the name of Ark-Homa Foods. Our Ark. Stat. Ann. § 27-801 (Repl. 1962) provides: "Every action must be prosecuted in the name of the real party in interest, except as provided in sections 28 and 29 [§§ 27-804, 34-207]." We have held that where an insurance company only partially reimburses the insured, the latter is a real party in interest; the insured would be a proper but not a necessary party. *McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509, 226 S. W. 2d 566 (1950). The same rule holds true where the insured has a claim for personal injuries in addition to his insured property damages, the insurer having taken a subrogation agreement. *Washington Fire & Marine Ins. Co.* v. *Hammett,* 237 Ark. 954, 377 S. W. 2d 811 (1964). Also, we have held the insurer is a proper, but not a necessary, party where the insured is paid for the loss and executes a loan agreement to the insurer. *Graysonia, Nashville and Ashdown RR. Co.* v. *Newberger Cotton Co.,* 170 Ark. 1039, 282 S. W. 975 (1926). Neither of those three

cases is applicable to the facts before us. Ark-Homa Foods was fully reimbursed for its losses and there was no type of reservation. What clearly appears to be the majority rule in states having the "real party in interest" statute is stated in 157 ALR 1247 (1945):

> As noted in the earlier annotation on the present subject, it has been held, under statutes requiring an action to be brought in the name of the real party in interest, that an insured who has been paid in full for a loss by his insurer is not the real party in interest and cannot maintain an action in his (the insured's) name against the tort-feasor causing the loss.

As to part (b) of the question—whether the insured can be substituted as plaintiff—our law is well established. *Floyd Plant Food Co.* v. *Moore,* 197 Ark. 259, 122 S. W. 2d 463 (1938); *American Ry. Express Co.* v. *Reeves,* 173 Ark. 273, 292 S. W. 109 (1927). Those cases stand for the proposition so well put by 8 ALR 2d 57 (1949):

> It is well settled that where an action is brought in the name of a non-existing plaintiff, an amendment of complaint by substituting the proper party to the action as plaintiff will be regarded as the institution of a new action as regards the statute of limitations.

The attempt to substitute another party or parties for Ark-Homa Foods was more than three years after the insurers paid the losses. There is no doubt but that the three year statute of limitations had run. Ark. Stat. Ann. § 37-206 (Repl. 1962).

Affirmed.