ERWIN, INC. et al *v.* ARKANSAS
LOUISIANA GAS COMPANY

76-399                                    550 S.W. 2d 174

Opinion delivered May 2, 1977
(In Banc)

[Rehearing denied June 6, 1977.]

*Wright, Lindsey & Jennings,* for appellants.

*Wayne Boyce* and *Griffin Smith,* for appellee.

CONLEY BYRD, Justice. Following an explosion in Newport, Arkansas the several appellants filed an action against appellee, Arkansas Louisiana Gas Company for damages they allegedly had received. All of the appellants claimed damages in excess of the sums that their insurer Houston General Insurance Company had paid under its policies. After the passage of some time the appellee reached an agreement for settlement of all claims except those of Houston General. The order of settlement reads:

538

"On Motion of the parties, it appearing to the Court that this cause has been partially compromised and settled, the complaints of all the plaintiffs are hereby dismissed with prejudice EXCEPT THE COMPLAINTS OF THE FOLLOWING PLAINTIFFS WHICH ARE DISMISSED WITH PREJUDICE ONLY AS FOLLOWS:

| Plaintiff | Dismissal |
|-----------|-----------|
| Erwin, Inc. | All claims in excess of $260.00 |

. . .

The remaining claims of the above-named plaintiffs are not dismissed, but the trial thereof is continued in accordance with the ruling of this Court of July 11, 1975."

Following the entry of the compromise order, appellee pointed out that Houston General was the real party in interest as to the remaining claims and moved that it have summary judgment on the basis that, since Houston General was not a formal party to the action, its claims were barred by the statute of limitations. The trial court in reliance upon *Ark-Homa Foods, Inc.* v. *Ward,* 251 Ark. 662, 473 S.W. 2d 910 (1971) granted appellee's motion for summary judgment.

We hold that the trial court erred. *Ark-Homa Foods, Inc.* v. *Ward, supra,* involved a situation in which the insurance company had paid the total loss and brought the action in the name of the insured for the amount paid out. Here, however, Houston General paid only a portion of appellant's losses. In that situation we held in *McGeorge Contracting Co.* v. *Mizell,* 216 Ark. 509, 226 S.W. 2d 566 (1950), that the insured was the real party in interest and stood in the relation of trustee to the insurer for the amount of the loss it had paid. Under our law, the proper commencement of an action tolls the running of the statute of limitations. *King & Houston* v. *State Bank,* 13 Ark. 269 (1853). Consequently, by agreeing to the splitting of the cause of action against it, appellee could not prevent the tolling of the statute of limitation as to Houston General.

While the record indicates that the First National Bank also sued for monies in excess of the amounts paid by Houston General, the briefs indicate that perhaps all of the First National Bank's claims were covered by insurance. As to this claim, we also deem the affidavits of William R. Wilson and William Overton sufficient to make a factual issue before the Court as to whether there was an agreement between the parties that would estop the appellee from making the assertion here presented. Since there was a factual issue, the trial court erred in granting a motion for summary judgment because the burden was upon the movant for summary judgment to show that there were no factual issues.

Reversed and remanded.

ROY, J., not participating.