Elton I. THOMPSON *v.* Rupert BROWN

CA 81-212                                    633 S.W.2d 382

Court of Appeals of Arkansas
Opinion delivered May 26, 1982

*Jon R. Sanford,* for appellant.

*Young & Finley,* by: *James K. Young,* for appellee.

MELVIN MAYFIELD, Chief Judge. This appeal involves the trial court's failure to grant appellant's motion to amend his pleadings to conform to the evidence. We think the motion should have been granted and we discuss only those matters necessary to an understanding of that issue.

As the pleadings stood on the day of trial, the appellant Elton Thompson and MFA Mutual Insurance Company were plaintiffs in a suit against the appellee Rupert Brown. The plaintiffs were contending that Brown was negligent in the operation of a motor vehicle which collided with a car that Thompson claimed to own and MFA claimed to insure. Both plaintiffs alleged the car was damaged in the amount of

$1,092.77 and that MFA paid $992.77 of that amount and Thompson paid the remaining $100.00.

After trial, the jury returned a verdict for Thompson in the sum of $100.00 and for MFA in the sum of $992.77. The next thing disclosed by the record is a motion notwithstanding the verdict filed by Brown. The motion contends, as far as is applicable here, that no evidence was introduced to show a policy of insurance issued by MFA — or subrogation agreement of any kind — and if MFA paid anything on the damages to the car it did so voluntarily and has no claim against Brown. A response was filed in opposition to that motion and later a motion to amend the pleadings to conform to the evidence was filed. The response and motion to conform were filed on behalf of both Thompson and MFA and were filed by the same attorney who had represented both of them in the trial and who represents Thompson in this appeal.

Brown's motion for judgment notwithstanding the verdict was granted but the motion to conform to the evidence filed by Thompson and MFA was denied. As a result, judgment was then entered for Thompson against Brown for $100.00 in accordance with the jury's verdict, but the claim of MFA against Brown was dismissed.

Regardless of the propriety of the ruling on the judgment N.O.V., there is no appeal by MFA. We turn, therefore, to the appeal by Thompson on his motion to conform. That motion asked the court to amend Thompson's pleadings to pray judgment against Brown in the sum of $1,092.77. Arkansas Civil Procedure Rule 15 (b) provides:

(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; . . . .

We note, first, that Thompson's son, who was driving his father's car at the time of the collision, testified that it cost $1,092.77 to repair the car; and that the owner of the body shop where it was repaired, who also did some trading in used cars, testified its value before the collision was $1,500.00 and its value after the collision was $300.00 or $400.00. This evidence was introduced without objection.

Next, we note that Thompson's son testified, without objection, that his father owned the car and that a deductible of $100.00 was paid on the cost of repairs.

And, finally, we note that the jury was instructed, without objection, that:

> If you should find that the occurrence was proximately caused by negligence on the part of Rupert Brown, then Elton I. Thompson and MFA Mutual Insurance Company are entitled to recover the full amount of any damages you may find they have sustained as a result of the occurrence.

In the case of *McGeorge Contracting Co.* v. *Mizell*, 216 Ark. 509, 226 S.W.2d 566 (1950), the court said where an insurance company has paid only a portion of the loss the insured is the real party in interest and may maintain in his own name an action against the tortfeasor for his own benefit and the benefit of the insurer, and that he stands in the relation of trustee to the insurer as to any amount recovered. *Accord, Erwin, Inc.* v. *Arkansas Louisiana Gas Company*, 261 Ark. 537, 550 S.W.2d 174 (1977).

Thus, in the case at bar, by the evidence introduced without objection and by the instructions given the jury without objection, the parties have tried by implied consent the amount of damage caused by the negligence of Rupert Brown and sustained to the motor vehicle owned by Elton Thompson. 6 Wright & Miller, *Federal Practice and Procedure,* § 1493 (1971), says Rule 15 (b) of the Federal Rules of Civil Procedure permits amendments to "request increased damages" and in section 1494 at 474-75 it is said:

Thus, the rule permits the motion to be made throughout the entire period during which the action is in the district court, including . . . after the return of the verdict or the entry of judgment, and on rehearing or on remand following an appeal. Since the rule also provides that a failure to amend will not affect the actual result of the trial as it relates to the adjudication of the unpleaded issues, as long as they are tried with the consent of the parties, the timing of the motion to conform is of little moment.

Our Rule of Civil Procedure 15 (b) is identical with the Federal Rules of Civil Procedure 15 (b), and in *Milne* v. *Milne*, 266 Ark. 900, 587 S.W.2d 229 (Ark. App. 1979), we cited rule 15 as supportive of the statement that "a party should be allowed to amend a pleading at any time as long as it does not prejudice his adversary."

Here, from evidence introduced without objection, the jury found the car in question to have been damaged in the sum of $1,092.77. Since the court found that the evidence did not show that MFA was subrogated to a portion of that amount, we think the court should have allowed Thompson to increase the prayer of his complaint to ask for the full amount of the damages found by the jury. After all, he was the real party in interest and he was entitled to recover for all the damages to his car. *Page* v. *Scott*, 263 Ark. 684, 567 S.W.2d 101 (1978); *Dowell, Incorporated* v. *Patton*, 221 Ark. 947, 257 S.W.2d 364 (1953).

We remand Thompson's judgment against Brown with directions for the trial court to grant Thompson's motion to conform and enter judgment in his favor for the sum of $1,092.77 with interest from January 14, 1981, plus costs.