Eddie W. BANKSTON et ux *v.* Charlene Worden
McKENZIE, et al.

85-55                                        698 S.W.2d 799

Supreme Court of Arkansas
Opinion delivered November 18, 1985
[Rehearing denied December 23, 1985.*]

*Eddie W. Bankston, pro se.*

*Patton & Brown,* for appellants.

*Warren H. Webster,* for appellee Charlene Worden
McKenzie.

---

*   Purtle, J., not participating.

*Laser, Sharp & Mayes, P.A.*, for appellee Maryland Casualty Co.

*Henry J. Osterloh*, for appellee Pulaski County Special School District.

DARRELL HICKMAN, Justice. Charlene McKenzie contracted with the Pulaski County Special School District for the building of a house by a trades class. Subsequently, she leased the house, with an option to purchase, to Eddie and June Bankston, the appellants. They exercised the option to purchase in June of 1980 and paid Charlene McKenzie $84,000. The house was damaged by fire in September of 1980. The Bankstons ultimately sued the school district, the district's insurer, Maryland Casualty Company, and Charlene McKenzie for the fire loss and a defective sewer system, alleging various theories, including negligence, breach of express and implied warranties and strict liability. This is the second appeal of this case. In *Bankston* v. *Pulaski County School District*, 281 Ark. 476, 665 S.W.2d 859 (1984), we affirmed in part and reversed in part the trial court's finding that the school district was totally immune from liability. We found that although the claim sounded chiefly in tort and that the school district was immune from tort actions, the allegations with regard to the sewer system sounded in contract and, therefore, that claim must be heard.

On remand the trial court granted summary judgment to all the appellees on any claims arising from the fire because the Bankstons were paid the full amount of the damages they claimed from the fire by Allstate Insurance Company, their own insurer. Allstate paid the Bankstons $129,974.68. This was the total amount claimed in the Bankston's third amended complaint. After the Bankstons were paid, they signed a release which stated that they released all persons from any and all claims and causes of actions which they had by reason of the fire loss. The trial court further found that neither the school district nor Charlene McKenzie was liable for any defect in the sewer system.

The Bankstons first argue that their settlement with Allstate did not destroy their claims against the appellees because Allstate waived its subrogation right to pursue the claim for its own benefit. The Bankstons' policy with Allstate provided for subrogation and they signed a release of all of their claims. In this

situation, after an insured has been fully paid by his insurer, any claim that he has against a third party tortfeasor is the insurer's. The insurer becomes subrogated to the insured's claim, and the insurer becomes the real party in interest and the only party who can pursue the claim. *Ark-Homa Foods, Inc.* v. *Ward*, 251 Ark. 662, 473 S.W.2d 910 (1971); ARCP Rule 17. Allstate chose not to pursue the claim against the appellees, obviously deciding it to be meritless. Allstate denies that it waived its rights to subrogation, but even if it had, the right would not be the Bankstons'. Once they were paid in full and signed the release, they no longer had any claim arising out of the fire loss. 16 *Couch on Insurance* 2d § 61:28 (Rev. Ed. 1983).

■ In their reply brief, the Bankstons argue that they were not fully paid for their property losses or reimbursed for their deductibles. This argument was not raised to the trial court, and we will not consider it. *Cain* v. *Arkansas State Podiatry Examining Board*, 275 Ark. 100, 628 S.W.2d 295 (1982).

■ The Bankstons argue that the trial court erred in granting summary judgment to the school district with regard to the sewer system. The trial court correctly held that since the Bankstons had knowledge that the system was defective, they could not recover for breach of implied warranty. In *Blagg* v. *Fred Hunt Co.*, 272 Ark. 185, 612 S.W.2d 321 (1981), we held that a builder-vendor's implied warranties run not only to the first owner but extend to subsequent purchasers for a reasonable length of time where there is no substantial change in the property. The implied warranty was specifically limited, however, to latent defects which are not discoverable by subsequent purchasers upon reasonable inspection and which become manifest only after the purchase. The Bankstons lived in the house a year before they exercised their option to purchase. Eddie Bankston stated in deposition that he saw raw sewage accumulate in his front yard four weeks after he moved in and that it had been there ever since. The Bankstons argue that since they did not know what was specifically wrong with the system, they still have a cause of action. We do not agree. They knew shortly after they moved in that the system did not function properly, bought the property anyway, and therefore, have no cause of action for breach of any implied warranty.

■ The Bankstons finally argue that Charlene McKenzie should be liable for the defective sewer system. They offer no authority that implied warranties flow from the first purchaser to the subsequent purchaser; Charlene McKenzie sold the property "as is" to the Bankstons. The trial court was correct in granting her motion for summary judgment.

Affirmed.

PURTLE, J., not participating.