## ARGENIA, INC. *v.* Troy BLASINGAME

CA 94-1077                                      910 S.W.2d 225

Court of Appeals of Arkansas
Division I
Opinion delivered November 22, 1995

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jeffrey A. Weber*, for appellant.

*Hardin, Jesson, Dawson & Terry*, by: *Rex M. Terry*, for appellee.

JOHN MAUZY PITTMAN, Judge. Argenia, Inc., an insurance brokerage firm, appeals from a judgment finding it responsible for losses caused by a September 1991 fire. We find no error and affirm.

This case began when Troy Blasingame, the appellee, contacted Johnny Gossage, an insurance agent, to secure insurance on a building in Ozark. Mr. Gossage then contacted appellant regarding coverage. Subsequently, the building burned and appellee sought to collect the insurance proceeds. Appellant denied that

coverage had been bound; however, Mr. Gossage's errors and omissions carrier, Lancer Claims Service, paid appellee $80,000.00 eight months after the fire as the amount of coverage on the policy. When appellee brought action against appellant, appellant filed a motion to substitute Lancer Claims Service as the party plaintiff, alleging that Lancer Claims Service was the real party in interest pursuant to its payment of the $80,000.00 and that appellee had no financial interest in the outcome of the lawsuit. Appellee responded that he had sufficient financial interest in the outcome as he was seeking interest and a penalty. Appellant's motion was denied. Appellant also filed a third-party complaint against Mr. Gossage. At trial, the parties stipulated that Mr. Blasingame was entitled to receive the $80,000.00 and proceeded to jury trial on the third-party complaint for a determination of which party should pay the claim. At trial, the court denied appellant's motion for a directed verdict, and the jury assessed damages against appellant. The court denied Mr. Blasingame's request for a penalty but awarded prejudgment and postjudgment interest.

On appeal, appellant first argues that the trial court erred in denying its motion to substitute Lancer Claims Service as the real party in interest. Rule 17(a) of the Arkansas Rules of Civil Procedure provides that "every action shall be prosecuted in the name of the real party in interest." Appellant contends that because appellee was paid the total amount of coverage, it was error to allow him to pursue the lawsuit. Appellant cites several cases for the rule that, in insurance cases, the real party in interest is the insurer when the insured has been paid in full. That rule indeed is supported by the cases cited by appellant. *See Bankston* v. *McKenzie*, 287 Ark. 350, 698 S.W.2d 799 (1985); *Ark-Homa Foods, Inc.* v. *Ward*, 251 Ark. 662, 473 S.W.2d 910 (1971).

In the present case, however, appellee claimed that he had not been fully reimbursed. It is also true that, when an insurance company has only partially reimbursed an insured for his loss, the insured is the real party in interest. The supreme court and this court have long held that when an insured has not been reimbursed for his deductible, the insured is the real party in interest. The supreme court stated:

The general rule is that where an insurance company

has only partially reimbursed an insured for his loss, the insured is the real party in interest and can maintain the action in his own name for the complete amount of his loss. *McGeorge Contracting Co.* v. *Mizell*, 216 Ark. 509, 226 S.W.2d 566 (1950). It is undisputed in the present case that Sammons was never reimbursed by Farm Bureau for the amount of his deductible. This court has held that where the insured has a deductible interest, he is the real party in interest and the action *must* be brought in his name for his own benefit. *Page* v. *Scott*, 263 Ark. 684, 686, 567 S.W.2d 101 (1978); *Washington Fire & Marine Ins. Co.* v. *Hammett*, 237 Ark. 954, 377 S.W.2d 811 (1964); *see also Thompson* v. *Brown*, 5 Ark. App. 111, 633 S.W.2d 382 (1982). The insured stands as trustee to the insurer as to any amount recovered; the insurer is not a necessary party. *Id.* Accordingly, the trial court committed reversible error in granting Case's motion to substitute Farm Bureau as the real party in interest.

*Farm Bureau Ins. Co.* v. *Case Corp.*, 317 Ark. 467, 469, 878 S.W.2d 741, 742 (1994).

■ Here, appellee was not reimbursed for his fire loss until approximately eight months after the fire. At trial, he sought both prejudgment and postjudgment interest. Appellee points out that prejudgment interest amounts to approximately $2,800.00. Prejudgment interest is awarded for the period of time in which the recovering party has been deprived of the use of money or property. During that period, the obligor has had the use of that which rightly belonged to the recovering party. *USAA Life Ins. Co.* v. *Boyce*, 294 Ark. 575, 745 S.W.2d 136 (1988). Likewise, postjudgment interest is awarded on the amount of prejudgment interest to compensate the recovering party for the loss of the use of money adjudged to be his. *Hopper* v. *Denham*, 281 Ark. 84, 661 S.W.2d 379 (1983). The purpose of awarding interest would be frustrated if appellee were not compensated for the loss of use of all of his money, both before and after judgment. *Id.* The award of interest was necessary to fully compensate appellee, the injured party. *See Wooten* v. *McClendon*, 272 Ark. 61, 612 S.W.2d 105 (1981).

■ Deprived of the use of money adjudged to be his,

appellee suffered a loss for which he had not been fully reimbursed. We conclude that the trial court was correct in determining that appellee was the real party in interest and was entitled to bring the action in his own name. We believe that our decision is in accord with those cases determining that an insured who has not been reimbursed for his deductible is the real party in interest and furthers the stated goal of permitting an insured to maintain an action in his own name for the complete amount of his loss.

■ Appellant also argues that the trial court erred in denying its motion for a directed verdict. This court's standard of review in determining the sufficiency of the evidence is as follows:

> In reviewing the denial of a motion for a directed verdict, this court gives the proof its strongest probative force. *Lazelere* v. *Reed*, 35 Ark. App. 174, 180, 816 S.W.2d 614, 618 (1991). Substantial evidence is that evidence which is of sufficient force and character that it will, with reasonable certainty and precision, compel a conclusion one way or another; it must force or induce the mind to pass beyond a suspicion or conjecture. *Bank of Malvern* v. *Dunklin*, 307 Ark. 127, 129, 817 S.W.2d 873, 874 (1991); *Newberry* v. *Johnson*, 294 Ark. 455, 458, 743 S.W.2d 811, 812 (1988). Consequently, a motion for directed verdict should be granted only if the evidence so viewed would be so insubstantial as to require a jury verdict for the party to be set aside. *Bice* v. *Hartford Accident & Indem. Co.*, 300 Ark. 122, 124, 777 S.W.2d 213, 214 (1989).

*City of Fort Smith* v. *Findlay*, 48 Ark. App. 197, 203-04, 893 S.W.2d 358, 362 (1995).

The evidence shows that in May 1991 Mr. Gossage contacted Mike Alexander, president of the appellant company, and obtained a quote for insurance on the building that appellee was purchasing. At trial, Mr. Gossage testified that after the quote was accepted by appellee, Mr. Alexander orally bound coverage on the building. He stated that he then mailed a signed insurance application and a check to appellant. Mr. Alexander denied that coverage was bound and stated that appellant's records showed that coverage was not bound and that no application or check was received.

Appellant argues that payment of a premium is ordinarily a condition precedent to the creation of insurance coverage and that it demonstrated at trial that appellee lacked sufficient funds to make the down payment on the premium. Appellee testified at trial that he had checking accounts at that time either with American State Bank, the Bank of Mulberry, the Bank of Ozark, or some other bank. He stated that he did not remember the amount of the check or on which bank it had been drawn and that all of his records of the transaction were destroyed in the fire. Appellant presented records to show that appellee did not have open accounts at the Bank of Mulberry or American State Bank in May 1991 on which to draw a check.

We agree that the general rule is that payment of the premium is ordinarily a condition necessary to the operation of a policy of insurance. *Leigh Winham, Inc.* v. *Reynolds Ins. Agency*, 279 Ark. 317, 631 S.W.2d 74 (1983). There are, however, exceptions to this general rule. One such exception is the giving of an effective oral binder of coverage prior to payment of the premium. *See Dixie Ins. Co.* v. *Joe Works Chevrolet, Inc.*, 298 Ark. 106, 766 S.W.2d 4 (1989); *Leigh Winham, Inc.* v. *Reynolds Ins. Agency, supra.*

Here, there was a sharp dispute in the evidence regarding whether the president of the appellant company gave an oral binder of coverage. Ultimately, the weight and value to be given the testimony of witnesses lies within the exclusive province of the jury. *Garrett* v. *Brown*, 319 Ark. 662, 893 S.W.2d 784 (1995); *Pineview Farms, Inc.* v. *A.O. Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989). Viewing the proof in the light most favorable to appellee, we cannot say that it does not represent substantial evidence of binding insurance. The trial court did not err in denying appellant's motion for a directed verdict.[1]

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.

---

[1]We note that Ark. Code Ann. § 23-79-120(b) (Repl. 1992) provides that "[n]o binder is valid beyond the issuance of the policy or beyond ninety days from its effective date, whichever period is the shorter." However, appellant did not argue, either below or on appeal, that any binder that may have been given expired prior to appellee's loss, and we do not consider that issue.