# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 18-2327

———————————————

EMC Insurance Companies

*Plaintiff - Appellant*

v.

Entergy Arkansas, Inc.

*Defendant - Appellee*

————————

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

————————

Submitted: January 16, 2019
Filed: May 14, 2019

————————

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

————————

LOKEN, Circuit Judge.

A fire seriously damaged the home of Milton and Norma Blakely in Crossett, Arkansas, in October 2014. Entergy Arkansas, Inc., provided electric power to the home. In August 2015, the home was completely destroyed by a second fire while being repaired without electric power service. The Blakelys' homeowner's insurer, EMC Insurance Companies, paid $203,247.49 for their total property damage and then brought this diversity action against Entergy, alleging the utility's equipment

caused the 2014 fire and asserting subrogation claims for damages "in excess of $203,247.49." The case proceeded to a jury trial. At the close of plaintiff EMC's evidence, the district court[1] granted Entergy's motion for judgment as a matter of law, concluding that EMC "does not have standing to pursue its subrogation claim" because "it failed to obtain a legal determination that its insureds had been made whole . . . prior to initiating this subrogation action." EMC appeals. We affirm, though on a different ground.

## I. The Made Whole Doctrine.

We apply the substantive law of Arkansas in this diversity action. "Under Erie,[2] we are obligated to apply governing precedent from the Arkansas Supreme Court. When there is no state supreme court case directly on point, our role is to predict how the state supreme court would rule if faced with the same issue before us." Blankenship v. USA Truck, Inc., 601 F.3d 852, 856 (8th Cir. 2010) (cleaned up).

"Subrogation at its essence is the substitution of one party for another in the exercise of some legal right." Welch Foods, Inc. v. Chicago Tit. Ins. Co., 17 S.W.3d 467, 470 (Ark. 2000). "Subrogation is a normal incident of indemnity insurance" that "assures against unjust enrichment by way of double recovery." S. Farm Bureau Cas. Ins. Co. v. Tallant, 207 S.W.3d 468, 471 (Ark. 2005). In applying equitable subrogation principles, the Supreme Court of Arkansas has adopted a "made whole" doctrine that has also been adopted, with significant variations, in many jurisdictions. The made whole doctrine in Arkansas reflects the principle that "equity will require that the insured be made whole before the insurer's right to subrogation will arise." Franklin v. Healthsource of Ark., 942 S.W.2d 837, 839 (Ark. 1997) (quotation

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

[2]Erie R.R. v. Tompkins, 304 U.S. 64 (1938).

omitted). Thus, "[t]he general rule is that an insurer is not entitled to subrogation unless the insured has been made whole for his loss." Riley v. State Farm Mut. Auto. Ins. Co., 381 S.W.3d 840, 848 (Ark. 2011). Whether the insured has been made whole is an issue of equity for the court. Tallant, 207 S.W.3d at 473.

In Riley, typical of situations in which the made whole issue commonly arises, an insurer paid the injured insured's medical bills and then asserted the right to a statutory reimbursement lien on the insured's settlement recovery from a tortfeasor's insurer. The insured sought injunctive relief to invalidate the lien on the ground that the third party settlement had not made her whole. Ruling on a certified question, the Supreme Court held that, "absent an agreement or settlement between the parties, an insurer's right to subrogation does not accrue until there has been a legal determination by a court that the insured has been made whole." 381 S.W.3d at 850. The Court therefore remanded for resolution of the made whole issue. Id.

This appeal presents the made whole doctrine in a different setting. EMC is not asserting a subrogation right to share in the Blakelys' recovery from a third party. Rather, EMC is asserting its right to subrogation directly against Entergy, the alleged tortfeasor, claiming as damages all amounts paid its insureds for property losses from two fires (the second of which was unrelated to the first and could not have been caused by Entergy's negligent provision of electrical services). EMC's Complaint did not allege that its insureds have been made whole. Though Milton and Norma Blakely testified at trial, the made whole issue was not addressed. When Entergy raised the made whole issue in its motion for judgment as a matter of law, EMC argued (i) the made whole doctrine does not apply to property damage claims, and (ii) Entergy was barred from arguing the made whole defense by the doctrine of inconsistent positions. Relying on broad statements in Riley and Tallant, the district court concluded that EMC lacked standing and granted Entergy judgment as a matter of law because "EMC failed to obtain a legal [made whole] determination . . . prior to initiating this subrogation action."

-3-

## II. The Made Whole Doctrine Applies.

On appeal, EMC first argues that the made whole doctrine does not apply to property damage claims. Citing no secondary authority or supporting precedent from other jurisdictions, EMC argues that no Arkansas state court has ever applied the doctrine to property loss claims, and it is illogical to do so. We disagree.

The Supreme Court of Washington has cogently explained why there are few cases applying the made whole doctrine to property loss subrogation claims:

> Property loss subrogation caused few disputes between the insurer and the insured, because once the insured had recovered from the insurer the economic value of the loss, the insured had little or no interest in competing with the insurer for the right to sue the tortfeasor; economic damages could make the insured whole.
>
> * * * * *
>
> By contrast . . . in a personal injury case, the [insured's] claimed noneconomic damages typically amount to many multiples of the economic damages and are almost always disputed . . . . Thus, rather then stepping aside and allowing the insurer to pursue the tortfeasor by means of subrogation . . . the injured insured will often sue the tortfeasor to recover noneconomic damages, and include in the claim the medical expenses [paid by the insurer]. In effect, the injured insured does not abandon its shoes, and its insurer thus has no shoes to step into to pursue subrogation.

Mahler v. Szucs, 957 P.2d 632, 641 (Wash. 1998).

We conclude that the fact that the made whole issue infrequently arises does not mean the Supreme Court of Arkansas would not apply this equitable principle to property loss cases. Indeed, in Green v. Ford Motor Co., No 1:08-CV-01032, 2011

-4-

WL 2666198 at *3 (W.D. Ark. June 15, 2011), adopted, 2011 WL 2648834 (W.D. Ark. July 6, 2011), the parties did not even dispute that the made whole doctrine applied to defeat property loss subrogation claims. Over many years, other jurisdictions have applied the doctrine to resolve disputes over whether a property insurer's payments had fully compensated the insured for its property losses. See Ortiz v. Great S. Fire & Cas. Ins. Co., 597 S.W.2d 342, 343 (Tex. 1980); Garrity v. Rural Mut. Ins. Co., 253 N.W.2d 512, 514 (Wis. 1977); Washtenaw Mut. Fire Ins. Co. v. Budd, 175 N.W. 231 (Mich. 1919). Like the district court, we conclude the Supreme Court of Arkansas would apply this equitable doctrine to property loss subrogation claims. However, this conclusion does not predict *how* the Court would apply the doctrine procedurally to a property insurer's direct subrogation claim against an alleged tortfeasor, an issue of first impression in Arkansas.

### III. EMC Had Standing To Commence This Action.

The district court in effect ruled that an insurer can never *assert* a subrogation claim against an alleged tortfeasor such as Entergy without first obtaining either the insured's agreement or a court determination that the insured has been made whole. We conclude this ruling conflicts with what appears to be well-settled Arkansas law.

"In pursuing a subrogation claim, an insurer is not limited to action in intervention, but may bring a separate independent action to recover directly from a third-party tortfeasor." 17 Couch on Ins. 3d § 241:32; cf. Ark. Code Ann. § 23-79-146(a). Under Arkansas law, when both the insured and an insurer who has partially reimbursed the insured have claims against an alleged tortfeasor, as is common, the insured is the real party in interest and the insurer is a proper but not a necessary party plaintiff. See Argenia v. Blasingame, 910 S.W.2d 225 (Ark. App. 1995); Ark. R. Civ. P. 17(a). However, an insured who has been paid in full is not the real party in interest, and the insurer must sue the third party tortfeasor in its own name. McGeorge Contracting Co. v. Mizell, 226 S.W.2d 566 (1950).

In Ark-Homa Foods, Inc. v. Ward, after the insured sued an alleged tortfeasor, it "became apparent from the pleadings and interrogatories" that the insurer had paid the full amount of the insured's property losses. 473 S.W.2d 910, 910 (1971). The Supreme Court of Arkansas affirmed the dismissal of the insured's claim because it was not the real party in interest. It also affirmed the denial of a motion to substitute the insurer as plaintiff because substitution of the proper party plaintiff was a time-barred new action. Id. at 911. In other words, the Court held that the insurer was the proper party plaintiff *at the outset of the action*, even though the fact that its insured had been made whole was not determined *until the lawsuit had commenced*. Thus, the district court's determination that EMC lacked standing was contrary to Ark-Homa, a decision in no way undermined by later decisions such as Riley and Tallant that applied the made-whole doctrine to disputes between insurers and their insureds, not between insurers and third party tortfeasors. Accord Progressive Halcyon Ins. v. Saldivar, 2013 Ark. 69 at 3, 7, 2013 WL 655234 at *2, 4 (Ark. 2013) (reversing summary dismissal of insurer's subrogation suit against tortfeasor for lack of a prior made whole determination or agreement).

This conclusion is not contrary to the statement in Riley that a legal determination or agreement that the insured has been made whole "must occur before the insurance company *is entitled to recover* in subrogation." 381 S.W.3d at 848 (emphasis added). Riley dealt with an insurer that attempted to enforce its subrogation lien based on a unilateral determination its insured had been made whole. The Court rejected that attempt and remanded for resolution of the made whole issue. Riley clearly stands for the proposition that EMC could not *recover* on its subrogation claim against Entergy -- or, as stated earlier in the Riley opinion, that its right to subrogation did not *accrue* -- without establishing that the Blakelys had been made whole and therefore were not the real parties in interest. But, as the remand and the concurring opinion in Riley signaled, the Court did *not* decide whether the issue must be resolved before rather than during the prosecution of a subrogation lawsuit by an insurer suing the alleged tortfeasor in its own name, a lawsuit the insurer has standing

-6-

to pursue under <u>Ark-Homa</u> if it is the real party in interest. We conclude we need not decide this unresolved issue because EMC failed to prove its insureds were made whole either before *or* during this lawsuit.

## IV. EMC Failed To Preserve the Relevant Made Whole Issue.

EMC filed its Complaint in April 2016, almost five years after the Supreme Court of Arkansas decision in <u>Riley</u> and at least two decades after that Court adopted the made whole doctrine as an equitable principle governing subrogation claims by insurers. Yet EMC's Complaint did not allege the Blakelys had been made whole, nor did EMC obtain and attach an agreement with the Blakelys to that effect. Even when Entergy gave notice on the eve of trial that the decision in <u>Riley</u> would be a contested issue of law, EMC did not present a made whole agreement with the Blakelys or even address the issue in its case-in-chief at trial. When Entergy made its motion for judgment as a matter of law at the close of plaintiff's case, EMC's only responses were (i) the made whole doctrine does not apply to property loss claims; and (ii) Entergy was estopped to raise the made whole issue because it also argued that the Blakelys' loss should be capped at $36,000, the amount Milton Blakely testified he spent before the second fire.[3] It did not argue to the district court, and does not argue on appeal, that it presented adequate proof -- before or during trial -- that its insureds had been made whole, an issue on which the insurer bears the burden of proof. <u>See</u> <u>Lopez v. United Auto Ins. Co.</u>, 427 S.W.3d 154, 158 (Ark. App. 2013), citing <u>Riley</u>, 381 S.W.3d at 850.

---

[3]This contention, which EMC pursues on appeal, is frivolous. There is nothing inconsistent or unfair in arguing that EMC failed to prove its insureds had been made whole and, in the alternative, that its damages should be limited to the insureds' out-of-pocket expenses before the second fire, whether or not EMC's claim is subject to the made whole doctrine. <u>See</u> <u>Dupwe v. Wallace</u>, 140 S.W.3d 464, 471-72 (Ark. 2004) (elements of an inconsistent positions claim).

On this record, we can only conclude that EMC intentionally failed to develop a fact record demonstrating that it satisfied the made whole doctrine. A logical inference is that it did not seek a made whole agreement or judicial determination before submitting its damage claim to the jury because resolution of the made whole issue might suggest or even determine that EMC's subrogation claim was limited to the $36,000 spent by the Blakelys before the second fire, rather than the $125,628.60 that EMC's expert testified it would have cost to remedy damages caused by the first fire had the second fire not occurred. But whatever the tactical or strategic reasons for the case it chose to present, EMC did not argue to the district court, and does not argue on appeal, that it in fact satisfied the made whole doctrine before submitting its case to the jury, either with evidence at trial or during the pretrial proceedings. Therefore, this issue was not properly preserved for appeal. See N.Y. Marine & Gen Ins. Co. v. Cont'l Cement Co., 761 F.3d 830, 840 (8th Cir. 2014). Accordingly, the district court's ruling that, as a matter of law, a reasonable jury could not have found that EMC proved an essential element of its subrogation claim must be affirmed.

## V. Conclusion.

For the foregoing reasons, the judgment of the district court is affirmed.

_____