Hubert L. WHITE & Sharon G. White *v.* Evelyn R. WELSH,
Representative of the Estate of Martin Hardcastle; Marion
County, Arkansas, by Judge Kenneth Jefferson, Intervenor

96-223                                              939 S.W.2d 299

Supreme Court of Arkansas
Opinion delivered March 3, 1997

*Hubert L. White* and *Sharon G. White*, pro se.

*Michael E. Kelly*, for appellees.

TOM GLAZE, Justice. In 1978, Jack McPherson filed suit against Marion County, seeking to enjoin the use of a roadway across his property and to prevent the County from grading the roadway, which served as access to property owned by Martin Hardcastle. McPherson and the County settled their dispute, and on November 20, 1978, an order was entered in which the parties agreed that McPherson was to provide an alternate access or roadway across his property to serve the needs of Hardcastle's land, and that the County would grade and maintain it.

In July of 1990, Hardcastle died, and on October 26, 1990, the Hardcastle Estate was opened, and Evelyn Welsh was appointed personal representative. In 1991, the McPhersons sold their property to Hubert and Sharon White, and shortly afterwards, the Whites locked the gates across the alternate roadway, preventing access to Hardcastle's land. On October 14, 1991, the

Hardcastle Estate filed suit in chancery court against the Whites and McPhersons, seeking to enjoin them from interfering with the roadway. The Whites counterclaimed.

On August 28, 1992, the chancery court entered an order substituting Welsh, personal representative of the Estate, as the plaintiff. On July 14, 1993, the chancery court granted Marion County's petition to intervene as a necessary party, and the County pled the same claims and requested the same relief as the Estate. Subsequently, the McPhersons were dismissed from the litigation.

The Whites then moved to dismiss Welsh, asserting she had no standing. The trial court treated the motion as one to make more definite and certain, and allowed Welsh twenty days to file an amended complaint. Welsh timely filed her pleading on November 9, 1994. Because Welsh's probate order authorizing her to sell the Hardcastle land was not effective until November 10, 1994, the trial court later allowed Welsh to ratify her November 9 petition, which she did on May 2, 1995.

Following trial on the matter, the court entered its final order on November 29, 1995, wherein it held that the easement described in the earlier November 20, 1978 court order had been established by use and prescription and is appurtenant to the Hardcastle land. The trial court found that Welsh's suit was not barred by the seven-year statute of limitations for recovery of real estate. Further, the court directed the Whites to remove obstructions to the roadway within ten days and permanently enjoined them from obstructing the roadway again. The trial court dismissed the Whites' counterclaim and remaining motions.

On appeal, the Whites argue four main points, but we consider points one and three together, since they tend to overlap.[1] First, the Whites contend the trial court erred in allowing Welsh

---

[1] The Whites mention a number of subpoints that tend to merge or overlap at times under their major points. We have addressed those issues raised, discussed, and supported by some citation of legal authority. As to any remaining subpoints, this court will not consider argument not supported with citations of legal authority. *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991).

to be substituted as a party-plaintiff and in failing to dismiss Welsh's complaint. The Whites maintain the original complaint filed by the Estate was void because it was filed by the Hardcastle Estate, a legal nonentity and nonexisting party, that had no standing to sue, and in the amended complaint filed by Welsh, she failed to show any title or ownership in the disputed easement.

■ Welsh clearly had a property interest giving her standing. Rule 17(a) provides that every action shall be prosecuted in the name of the real party-in-interest. Also relevant is Ark. Code Ann. § 28-49-101(b)(1) (1987), which provides that real property shall be an asset in the hands of the personal representative when the court finds that the real property should be sold. Here, Welsh petitioned to sell 120 acres of the Hardcastle land, and that petition was granted by the probate court. Specifically, Rule 17(a) provides as follows:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

What constitutes a reasonable time under Rule 17 is a matter of judicial discretion and will depend upon the facts of each case. *Insurance from CNA v. Keene Corp.*, 310 Ark. 605, 839 S.W.2d 199 (1992). We believe the record amply supports the trial court's finding that Welsh, in protecting the Hardcastle interest in this cause, was properly and timely substituted and ratifed under the terms of Rule 17.

■ The Whites also argue Welsh's claim was stale and barred by the statute of limitations. This court has held that where an action is brought in the name of a nonexisting plaintiff, an amendment of complaint by substituting the proper party to the action as plaintiff will be regarded as the institution of a new action as regards the statute of limitations. *Ark-Homa Foods, Inc. v. Ward*, 251 Ark. 662, 473 S.W.2d 910 (1971). Here, the Whites blocked the disputed roadway in 1991, and on May 2, 1995,

Welsh ratified the Hardcastle Estate's complaint against the Whites. Unquestionably, Welsh's claim was filed well within the seven-year statute of limitations the trial court found applicable in this case. *See* Ark. Code Ann. § 18-61-101(a) (1987). The Whites do not argue that the trial court applied the wrong limitation provision.

■ In their first argument, the Whites also maintain that they were prejudiced by the substitution and ratification because the original complaint, as ratified, contained only conclusory statements of Hardcastle's interest in the easement, and neither they nor Hardcastle were parties to the 1978 agreed order. As already discussed, the record reflects that, under the 1978 agreed order, the alternate roadway served the needs of Hardcastle's land, and Welsh, as representative of the Hardcastle Estate, had an interest in assuring that roadway or easement remained open. Concerning the Whites' specific argument that the Hardcastle Estate's complaint was conclusory, the Whites could have moved for a more definite statement under Ark. R. Civ. P. 12(e), but failed to do so. Instead, the Whites answered the original complaint against them, denying each allegation.

■ In their second argument, the Whites contend the trial court erred in denying their motion for summary judgment on their counterclaim. Again, the Whites argue Welsh had no standing to bring the present action against them, and no material facts are in dispute on this issue. While we touched on this standing issue when discussing the real party-in-interest point above, the short answer to this argument is that the denial of a motion for summary judgment is neither reviewable nor appealable. *Nucor Holding Corp. v. Rinkines*, 326 Ark. 217, 931 S.W.2d 426 (1996).

■ The Whites' final major point challenges the sufficiency of the evidence supporting the trial court's holding that the 1978 agreed order established an easement appurtenant to Hardcastle's land by prescription across the Whites' property. The Whites' argument is meritless. Welsh introduced the testimony of a surveyor, the county judge who served in 1978, and Hardcastle's lessee. These witnesses offered proof that the alternate roadway had been laid out and graded, and subsequently used since 1978.

The Whites, on the other hand, merely objected to Welsh's witnesses and chose not to call any of their own. The Whites relied solely on their deed which reflected no easement. Without more, this court cannot say the trial court was clearly erroneous. Therefore, we uphold the trial court's ruling that the 1978 order gave Hardcastle a prescriptive easement across the Whites' property and that the roadway continued in use until 1991 when the Whites locked the gates, preventing the roadway's use.

For the reasons stated above, we affirm.