John B. THURMAN v. Marie BAKER, Attorney In Fact

CA 01-617 65 S.W.3d 478

Court of Appeals of Arkansas
Division II
Opinion delivered January 30, 2002
[Petition for rehearing denied March 13, 2002.]

*John P. Gill* and *John B. Thurman*, for appellant.

*Timothy O. Dudley*, for appellee.

TERRY CRABTREE, Judge. The Pulaski County Circuit Court entered judgment against the appellant, John Thurman, for the amount of a promissory note payable to the appellee, Marie Baker, acting as the attorney in fact for Lorraine DeBlack. On appeal, appellant claims (1) that the statute of limitations barred recovery on the note, and (2) that appellee's principal had waived and forgiven the indebtedness. We affirm.

This is the second appeal taken in this case. We dismissed the first appeal for lack of a final appealable order. *See Thurman v. Baker,* CA 00-328 (Ark. App. Dec. 6, 2000). On remand, the circuit court set aside the original order and entered judgment against appellant for a promissory note in the amount of $141,800 and dismissed with prejudice all of the remaining counts of appellee's amended complaint.

Appellee instituted this action on June 14, 1995, as the attorney in fact for Lorraine DeBlack seeking to recover damages for alleged negligence, malpractice, fraudulent misrepresentations, and to collect an indebtedness represented by a promissory note dated August 15, 1990. In response, appellant alleged that appellee, acting as DeBlack's attorney in fact, had no standing to bring this action because DeBlack was incompetent at the time she executed her durable power of attorney on December 20, 1994. Appellant moved to dismiss the complaint. Instead, the suit was transferred to probate court to determine if DeBlack was in fact incompetent. However, the probate court did not hold a hearing on that issue, but rather, in a separate proceeding instituted by appellee, appointed appellee as the guardian of the estate of DeBlack on October 8, 1997, and transferred the case back to circuit court.

On November 2, 1998, appellee filed an amended complaint, alleging that she was now acting as the guardian of DeBlack's estate. Appellant again moved the court for dismissal on the ground that there had been no determination of the competency of DeBlack as of the execution of the power of attorney; that the substitution of appellee as guardian of the estate did not relate back to the initial filing of the complaint; that appellee acting as guardian had not

been authorized by the probate court to intervene or to be substituted as a party plaintiff; that appellee had not petitioned the circuit court for authority to be substituted as a party plaintiff; and that the statute of limitations barred recovery by the estate. Along with the motion to dismiss, appellant attached the affidavit of Dr. Robert Ritchie, DeBlack's personal physician. Dr. Ritchie stated that on December 20, 1994, DeBlack was not competent to transact business, was unable to comprehend what was going on around her, and was unable to take care of herself.

In denying appellant's motion to dismiss, the lower court found that under Arkansas Rule of Civil Procedure 17(a) (1995), appellee acting as guardian, could be substituted as the real party in interest; that the substitution related back to the initial filing date; and that the substitution was not to be considered the filing of a new action in regard to the statute of limitations. Based upon this order, the case was submitted to the trial court with only the deposition of appellant, and the court awarded appellee judgment for the principal amount of the promissory note.

For appellant's first point on appeal, he argues that the trial court erred in refusing to dismiss the amended complaint and in awarding appellee judgment for the amount of the promissory note because appellee's action was barred by the statute of limitations. Arkansas Code Annotated section 16-56-111(a) (1987) provides that actions to enforce written obligations, duties, or rights, must be commenced within five years after the cause of action accrues. Here, the promissory note was dated August 15, 1990, and required payment of interest only on a quarterly basis with principal due upon demand. Appellant specifically contended that the five-year statute of limitations period on the promissory note ended before appellee was appointed guardian and before she was substituted as the plaintiff in the circuit court case. Appellant contended that appellee's substitution as party plaintiff constituted a new action in regard to the statute of limitations. We believe, as did the trial court, that appellee's substitution as the proper party to the action related back to the initial filing of the suit on June 14, 1995. *See* Ark. R. Civ. P. 17(a); *McMaster v. McIlroy Bank, Trustee*, 9 Ark. App. 124, 654 S.W.2d 591 (1983).

Arkansas Rule of Civil Procedure 17(a) states:

Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian (conservator), bailee, trustee of an express trust, a party with whom or in whose name a

> contract has been made for the benefit of another, or the State or any officer thereof or any person authorized by statute to do so may sue in his own name without joining with him the party for whose benefit the action is being brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

What constitutes a reasonable time under Rule 17 is a matter of judicial discretion and will depend upon the facts of each case. *White v. Welsh*, 327 Ark. 465, 939 S.W.2d 299 (1997). We hold that appellee, in protecting DeBlack's interest in this cause, was properly and timely substituted and ratified under the terms of Rule 17.

Appellant maintains that appellee's claim was barred by the five-year statute of limitations because our supreme court has held that when an action is brought in the name of a nonexisting plaintiff, an amendment of the complaint by substituting the proper party to the action as plaintiff will be regarded as the institution of a new action in regard to the statute of limitations. *Ark-Homa Foods, Inc. v. Ward*, 251 Ark. 662, 473 S.W.2d 910 (1971). However, we find *Ark-Homa Foods* to be distinguishable from the case at bar. In *Ark-Homa Foods*, Ark-Homa moved to substitute its insurer as plaintiff after the insurer had fully paid Ark-Homa for the amount of its losses. The lower court denied the motion, and our supreme court, in affirming the decision, cited to 157 A.L.R. 1247 (1945), which states, "an insured who has been paid in full for a loss by his insurer is not the real party in interest and cannot maintain an action in his (the insured's) name against the tort-feasor causing the loss."

In the present case, appellant never obtained a determination from the probate court that DeBlack was in fact incompetent at the time she executed her power of attorney. Therefore, we must proceed under the assumption that DeBlack was competent and that appellee's status as attorney in fact was valid. Thus, appellee, acting as the attorney in fact, was not functioning as a nonexisting plaintiff. Whereas in *Ark-Homa Foods, supra*, the insured was functioning as a nonexisting plaintiff because it had been paid in full by its insurer. We hold that because appellee was not functioning as a nonexisting plaintiff when she initially filed the lawsuit, the trial

court properly allowed appellee as guardian of the estate to substitute herself as plaintiff. In sum, appellee was simply wearing two hats, as attorney in fact and as guardian of the estate, in representing the interests of DeBlack. We agree with the trial court that the November 2, 1998 amended complaint related back to the initial June 14, 1995 complaint.

■ For appellant's second point on appeal, he contends that the lower court erred in awarding judgment on the promissory note because the only evidence adduced at trial established that payment of the indebtedness represented by the note had been waived by appellee's principal. Although appellant raised the issue of waiver in his answer, he never obtained a ruling from the trial court regarding waiver of the principal indebtedness. He only obtained a ruling that the interest was waived. Failure to obtain a ruling from the trial court is a procedural bar to the consideration of the issue on appeal. *Madden v. Aldrich*, 346 Ark. 405, 58 S.W.3d 342 (2001). Therefore, we do not reach the merits of appellant's second argument.

For the reasons stated above, we affirm.

STROUD, C.J., and JENNINGS, J., agree.